590 So.2d 1347 (1991)
Fred FOXWORTH and Donna Bridges on Behalf of their minor child, Rene Wilbert Henry
v.
HOUSING AUTHORITY OF JEFFERSON PARISH, Patricia Landry, Patricia Byrd, the Board of Commissioners for the Housing Authority of Jefferson Parish and Dorothy Zeno.
No. 91-CA-293.
Court of Appeal of Louisiana, Fifth Circuit.
December 11, 1991.
*1348 Ike Spears, New Orleans, for plaintiffs-appellants.
Virgil A. Lacy, III, Blue, Williams, Buckley, Metairie, for defendants-appellants.
Before GAUDIN, GRISBAUM and DUFRESNE, JJ.
GAUDIN, Judge.
Shirley Foxworth was assaulted and fatally stabbed in the Marrero Apartment Complex, which is owned and operated by the Housing Authority of Jefferson Parish. Both Mrs. Foxworth and her assailant, Dorothy Zeno, were residents of the apartment complex. A subsequent action by Mrs. Foxworth's surviving husband and child against the housing authority for failure to provide for the safety of apartment complex tenants was summarily dismissed in the 24th Judicial District Court. We affirm.
This unfortunate fatality occurred on August 11, 1988. Ms. Zeno and members of her family attacked Mrs. Foxworth and Rosemary Clofer, resulting in stab wounds to Mrs. Foxworth, who was hospitalized until she died on September 17, 1988.
Ms. Clofer, like Mrs. Foxworth and Ms. Zeno, lived in the Marrero Apartment Complex, also known as the Acre Road Apartment Complex. Beginning in early 1988, Ms. Clofer and the Zeno family began feuding. Ms. Clofer went before the housing authority's Board of Commissioners in April, 1988 and complained about Zeno family members carrying weapons and threatening her and members of her family. There is no indication in the record that Ms. Clofer ever reported any incident to Jefferson Parish police officers.
In the record is an affidavit executed by the housing authority's executive director, Patricia Landry, saying that at no time did the housing authority agree to provide any tenant with police or security services.
Appellants argue that the housing authority, once made aware of the Zeno family's dangerous propensities, had a duty to provide protection and/or to evict the Zenos.
In Cornelius v. Housing Authority of New Orleans, 539 So.2d 1250 (La.App. 4 Cir.1989), petition for writs denied at 544 So.2d 404 (La.1989), a tenant's five-year-old son died of suffocation. His body was discovered in a nearby building. The young boy's mother sued HANO, alleging inadequate building security. The Fourth Circuit, in affirming the district court's granting of a motion for summary judgment filed by HANO, stated at pages 1251 and 1252:
"... unless there is some special relationship existing between the landlord and tenant, or where the landlord had assumed an implied or express obligation to provide security to the tenant and breached that duty, the landlord/lessor has no duty to protect his tenant from harm sustained as a result of acts of third persons. (Citations omitted).
"This jurisprudence is consistent with the duty/risk analysis of a negligence claim. The first requirement that a plaintiff must prove is that the risks and harm encountered fall within the protection of a legal duty owed by the defendant ...
"Assuming as true that HANO knew of the conditions as alleged in the petition, this fact still will not support a duty to protect against harm caused by third persons. No such duty is imposed by statute, usage or custom, and this Court will not require a landlord to protect against violent acts of third persons, absent any express or implied agreement to the contrary ..."
In a slightly earlier opinion, Smith v. Howard, 489 So.2d 1037 (La.App. 1 Cir. 1986), the First Circuit said:
"... the Housing Authority (of East Baton Rouge Parish) does not have a duty to evict persons with reportedly violent propensities or to maintain its own private police protection of its premises ...
"It is well settled that there is no duty to control the actions of a third person and thereby prevent him from causing harm to another unless some special relationship exists to give rise to such a duty."
Here, appellants say that a special relationship was created by Mrs. Foxworth's *1349 complaints to the Housing Authority of Jefferson Parish. We are, however, unaware of any statute or jurisprudence wherein a special relationshipi.e., a duty to protect or a duty to evict a potentially dangerous tenantwas or is created by one tenant complaining about others. It is clear from the record that the housing authority did not assume any implied or express obligation to provide police or security services. The lease does not establish such a duty.
Although innkeepers have a special relationship to their guests, which accordingly gives rise to a responsibility regarding protection, housing authorities, in Jefferson Parish and elsewhere, apparently have no such duty in the absence of a special relationship such as a provision in the lease requiring protective services.
The motion for summary judgment filed by the Housing Authority of Jefferson was well taken. The district judge correctly granted it. Appellants are to pay court costs.
AFFIRMED.