747 So.2d 748 (1999)
Joyce R. TERRELL
v.
Leon WALLACE, Rosalie G. Wallace, Richard Kemp and the ABC Insurance Company.
No. 98 CA 2595.
Court of Appeal of Louisiana, First Circuit.
December 28, 1999.
Robert Hugh Marve, III, Baton Rouge, for Plaintiff-Appellant.
Matthew T. Lofaso, Edwin L. Hightower, Baton Rouge, for Defendants-Appellees Leon Wallace and Rosalie G. Wallace.
*749 Larry M. Roedel, Brent J. Bourgeois, Carlton Jones, III, Baton Rouge, for Defendant-Appellee Audubon Indemnity Company.
Before: FOIL, FOGG, and GUIDRY, JJ.
FOGG, J.
By this appeal, the plaintiff contests the grant of a summary judgment and the dismissal of her personal injury action. For the following reasons, we affirm.
The following facts are undisputed. On October 19, 1996, Joyce Terrell resided at the Wesley Chapel Apartments with her sons, Jamie Terrell and Willie Landry. At that time, the Wesley Chapel Apartments were owned by Rosalie Wallace and managed by Leon Wallace, and Audubon Indemnity Company provided the apartment complex with liability insurance.
That day, Willie Landry and Jamie Terrell were confronted on the common grounds of the apartment complex by a group of non-resident males, who wanted to start a fight. During a second confrontation at approximately 5 P.M. that afternoon, Richard Kemp shot and fatally wounded Willie Landry.
Joyce Terrell filed the instant petition, seeking damages in tort and contract for the wrongful death of her son, Willie Landry, and naming as defendants, in part, Rosalie G. Wallace, Leon Wallace, and Audubon Indemnity Company. These defendants responded by filing a motion for summary judgment, which the trial court granted. The plaintiff appeals that judgment.
Initially, on appeal, Joyce Terrell contends the trial court erred in granting the motion for summary judgment in favor of Rosalie G. Wallace and Leon Wallace before adequate time had transpired for the appellant to conduct discovery as required by LSA-C.C.P. art. 966(C)(1).
The appellant asserts that in their answers to discovery requests, the defendants provided the statements of two eyewitnesses to the shooting. These responses were made in June of 1998 in response to discovery requests made in April of 1998. The appellant asserts that, had this information been provided earlier, she could have deposed these individuals. The appellant has failed to demonstrate how she was prejudiced by her alleged inability to depose these individuals. Furthermore, it is clear that the deposition testimony of these two individuals would not impact an analysis of liability either in contract, under the lease agreement, or in tort. Therefore, we find no error in the trial court's denial of the appellant's motion for a continuance of the hearing on the motion for summary judgment.
The appellant also asserts summary judgment was improper as to Rosalie Wallace and Leon Wallace as genuine issues of material fact exist as to their duty, in contract and in tort, to protect the tenants of the Wesley Chapel Apartments.
With respect to her action in contract, the appellant asserts that the defendants breached the contract of lease that existed between the parties by failing to maintain the common areas and facilities of the Wesley Chapel Apartments in a safe condition. In making this assertion, the appellant relies on language in the lease agreement which provides that the defendants will "maintain the common areas and facilities in a safe condition."
Interpreting a contract or lease involves the determination of the common intent of the parties. LSA-C.C. art. 2045. Their intent is determined in accordance with the general, ordinary and plain meaning of the words used in a contract. LSA-C.C. art. 2047; Spohrer v. Spohrer, 610 So.2d 849 (La.App. 1 Cir.1992); Lindsey v. Poole, 579 So.2d 1145 (La.App. 2 Cir.), writ denied, 588 So.2d 100 (La.1991). When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be *750 made in search of the parties' intent. LSA-C.C. art. 2046. Each provision in a contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract, as a whole. LSA-C.C. art. 2050.
In the instant case, we find no ambiguity in the pertinent language of the lease contract. There is no language in the contract which obligates the defendants to provide security on the premises for the protection of the tenants from the intentional, violent acts of third persons. The heading of the section of the lease relied on by the appellant is entitled "Maintenance" and includes the lessor's obligation to arrange for garbage and trash collection, to maintain grounds and shrubs, to make necessary repairs with reasonable promptness, and to regularly clean all the common areas. This provision clearly refers to the lessor's duty to keep the common areas and facilities in proper repair. The duty to maintain the common areas does not encompass a duty to protect the tenants from the actions of third parties. Therefore, the trial court correctly found no liability on behalf of the defendants under the lease agreement.
As to her tort claim, the appellant asserts that, the defendants were aware of the criminal activity at the complex and, once made aware of criminal activity, the defendants had a duty to provide protection to its tenants.
Whether a legal duty is owed by one party to another depends upon the facts and circumstances of the case and the relationship of the parties. U.S. Fidelity & Guar. Co. v. Hi-Tower Concrete Pumping Service, Inc., 574 So.2d 424 (La. App. 2 Cir.), writ denied, 578 So.2d 136, 137 (La.1991). Duty constitutes a question of law. Harris v. Pizza Hut of Louisiana, Inc., 455 So.2d 1364 (La.1984); Jones v. Johnson, 572 So.2d 150 (La.App. 1 Cir. 1990), writ denied, 576 So.2d 519 (La. 1991).
It is well settled that there is no duty to control, or warn against, the criminal actions of a third person so as to prevent him from causing physical injury to another, unless some special relationship exists to give rise to such a duty. Harris, 455 So.2d at 1368; L.P. v. Oubre, 547 So.2d 1320 (La.App. 5 Cir.), writ denied, 550 So.2d 634 (La.1989). Courts traditionally have found such relationships to exist between parent and child; employer and employee; carrier and passenger; innkeeper and guest; shopkeeper and business visitor; restaurateur and patron; jailer and prisoner; and teacher and pupil. Parmer v. Suse, 94-2200 (La.App. 1 Cir. 6/23/95), 657 So.2d 666, writ denied, 95-1853 (La.11/3/95), 662 So.2d 10.
In the case of Smith v. Howard, 489 So.2d 1037 (La.App. 1 Cir.1986), this court found that landowners do not have a special relationship with those who live on their premises, and accordingly they have no corresponding special duty. See Foxworth v. Housing Authority of Jefferson Parish, 590 So.2d 1347 (La.App. 5 Cir. 1991), writ not considered, 592 So.2d 1328 (La.1992). Therefore, even if plaintiff could prove all of her allegations at trial, she still could not recover as the lessor owed no duty to protect the lessees from this harm. The trial court correctly granted summary judgment in favor of the defendants on the issue of tort liability.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs on appeal are assessed against the appellant, Joyce Terrell.
AFFIRMED.
GUIDRY, J., dissenting.
In affirming the judgment of the trial court, the majority found that there is no genuine issue of material fact regarding the liability of Rosalie Wallace, as the owner of the apartment complex, and Leon Wallace, as the complex manager. However, based on affidavits submitted by the plaintiff, she does raise the issue of whether *751 the defendants assumed a duty to provide security.
Specifically, the affidavits submitted by the plaintiff indicate that the defendants agreed to provide security. Affidavits by defendants Leon Wallace and Rosalie Wallace state that they did not agree to provide security. However, defendant, Rosalie Wallace, in a subsequent affidavit, stated that the security supplied was provided only at night and for the protection of the physical property. Therefore, there exists a genuine issue as to whether security was in fact provided and if so, when it was provided and who and what did it protect.
I believe that the trial court improperly determined that there was no genuine issue of material fact by choosing to give more weight to the affidavits of the defendants than those of appellant. I believe that to be the function of the trier of fact at the point of trial and is inappropriate on a motion for summary judgment. In Smith v. Our Lady of the Lake Hospital, Inc., 639 So.2d 730, 751 (La.1994), the Louisiana Supreme Court stated that "[i]n determining whether an issue is "genuine," courts cannot consider the merits, make credibility determinations, evaluate testimony or weigh evidence."
The defendants, in bringing their motion for summary judgment, were required to meet the strict standard of showing that it is quite clear what the truth is and exclude any real doubt as to the existence of material fact. Houston General Insurance Company v. Commercial Union Insurance Company, 96-0379 (La.App. 1st Cir. 11/8/96), 682 So.2d 1341, 1346 writ denied, 96-2950 (La.1/31/97), 687 So.2d 409. Based on the affidavits submitted by the plaintiff, it is not clear as to whether or not the defendants assumed a duty to provide security, and later breached the same by not providing said security at the time of the unfortunate incident. Under these facts, the summary judgment should be reversed and the matter remanded for a full trial to determine whether a duty was assumed and breached. Therefore, I respectfully dissent from the majority's opinion in this matter.