897 So.2d 817 (2005)
Marillyn H. BROU and Vernon A. Brou
v.
The ORLEANS PARISH CRIMINAL SHERIFF'S OFFICE and Sheriff Charles Foti and Joyce Ruiz.
No. 2003-CA-1760.
Court of Appeal of Louisiana, Fourth Circuit.
February 16, 2005.
D. Russell Holwadel, Adams, Hoefer, Holwadel & Eldridge, LLC, New Orleans, LA, and Kenneth A. Goodwin, New Orleans, LA, for Plaintiff/Appellant.
Lambert J. Hassinger, Jr., T. Allen Usry, John F. Weeks II, Usry, Weeks & Matthews, New Orleans, LA, for Defendant/Appellee.
*818 (Court composed of Judge TERRI F. LOVE, Judge EDWIN A. LOMBARD, Judge ROLAND L. BELSOME).
TERRI F. LOVE, Judge.
This appeal arises from a negligence action in which the trial court found appellees, Orleans Parish Criminal Sheriff's Office and Sheriff Charles Foti, did not owe a duty to appellant, Ms. Marilyn H. Brou and; thus was not negligent for her attack by a prisoner in parish custody.

FACTS AND PROCEDURAL HISTORY
Prisoner, Ms. Joyce Ruiz ("Ms.Ruiz") was brought to Charity Hospital in order to obtain treatment for a urinary tract infection and was accompanied by Orleans Parish Criminal Sherriff's Office ("OPCSO") deputy, Territa Magnard ("Deputy Magnard"). Ms. Marilyn Brou ("Ms.Brou"), who was working as a licensed practical nurse at Charity Hospital at the time of Ms. Ruiz's visit, was the prisoner's treating nurse. During her visit Ms. Ruiz, became hostile towards Ms. Brou while she was attempting to change Ms. Ruiz's intravenous bag and Ms. Brou made an effort to calm her down, but due to her hallucinations, Ms. Ruiz became belligerent and began screaming that electricity was running through her arm. Although Ms. Ruiz's left leg was shackled to the bed, she was able to grab Ms. Brou's arm and violently pull it. As a result, the shoulder muscles in Ms. Brou's right arm were completely torn away from her bone, causing substantial injury. At the time of the incident Deputy Magnard was sitting in a chair on the opposite side of Ms. Ruiz's hospital bed.[1] Throughout the altercation Deputy Magnard never left her seat.
Ms. Ruiz had a history of arrests for violent behavior and during her previous incarcerations underwent psychiatric evaluations. Through these evaluations Ms. Ruiz was diagnosed with paranoid schizophrenia and placed on anti-psychotic medication. Ms. Ruiz's final psychiatric evaluation was conducted seven months prior to this incident. Ms. Ruiz was not evaluated during her last incarceration. Although her diagnosis of paranoid schizophrenia was well documented, Ms. Magnard, the deputy accompanying Ms. Ruiz to the hospital, was not briefed regarding Ms. Ruiz's mental illness or her propensity for violence.
Ms. Brou and her husband Vernon Brou commenced this action with a petition for damages against OPCSP, former Sheriff Foti and inmate Ruiz. The Brous assert in their initial filing that the Sheriff is liable under respondeat superior for the negligence of Deputy Magnard in accompanying Ms. Ruiz. They further assert that the Sheriff is liable for Deputy Magnard's failure to provide adequate supervision of the prisoner, failure to use adequate means to restrain the prisoner, failure to inform herself of the "dangerous propensities of the prisoner" and failure to use sufficient means to prevent the attack.
Shortly after their initial filing, the Brous filed a First Supplemental and Amending Petition adding Deputy Magnard and the Parish of Orleans as defendants. The supplemental petition also added further assertions regarding the liability of Sheriff Foti. The Brous asserted in addition to respondeat superior, the Sheriff was liable for hiring Deputy Magnard, failing to adequately train her and failing to provide Deputy Magnard with appropriate restraining devices and equipment. The Brous further assert the Sherriff is liable for his failure to assign additional deputies to guard the inmate.
*819 At the beginning of the trial, all claims against Deputy Magnard were dismissed without prejudice. The parties also agreed to bifurcation of the liability portion of the trial, with the exception of allowing the plaintiffs to present their testimony regarding their damages. After review of all of the testimony the trial court dismissed all of the claims against the Sheriff who was the sole remaining defendant. In its reasons for judgment the trial court determined:
"... the Sheriff does have a duty to use reasonable care in preventing harm when the Sheriff has reasonable cause to anticipate it. As such, this Court is of the opinion that in the case at bar the Sheriff has a duty to protect a third person from injury caused by a prisoner in his custody where the act, which causes the injury, is reasonably foreseeable and anticipated....This court is of the opinion that Ms. Ruiz's arrest and incarceration history is not such that the Criminal Sheriff's Office could have anticipated that Ms. Ruiz would pull the arm of an attending nurse thereby causing injury. As such this Court finds that Ms. Ruiz's actions against Ms. Brou were not reasonably foreseeable, thus the Criminal Sheriff's office did not owe a duty to protect her from actions that it could not reasonably anticipate."
It is from this judgment that the Brous filed a timely appeal.

ASSIGNMENTS OF ERROR
In their initial assignment of error the Brous asserted that the trial court erred in concluding there was no duty owed to Ms. Brou by Orleans Parish Criminal Sheriff's Office and Sheriff Foti, because Ruiz's psychosis or propensity of violence could not have been anticipated; therefore her attack upon Ms. Brou was not foreseeable.

Standard of Review
An appellate court can only reverse a fact finder's determinations when: (1) it finds from the record that a reasonable factual basis does not exist for the findings of the trial court, and (2) it further determines that the record establishes the findings are manifestly erroneous. Stobart v. State through Department of Transportation and Development, 617 So.2d 880, 883 (La.1993). The issue to be resolved by a reviewing court is not whether the trier of fact was right or wrong, but whether the fact finder's conclusion was a reasonable one. Cosse v. Allen-Bradley Co., 601 So.2d 1349 (La.1992).
In addressing appellants assignments of error discussion of whether the trial court erred in concluding that the appellant was owed no duty may pretermit discussion as to the remaining assignments of error raised by appellant. "Great deference is accorded to a trial court's factual findings, both express and implicit, and a reasonable inference of fact should not be disturbed on appellate review of trial court's judgment." Virgil v. American Guarantee and Liability Insurance Company, et al., 507 So.2d 825 (La.1987). The trial court was required to make factual determinations as to whether Ms. Ruiz's violent outburst was a foreseeable event. In its Reasons for Judgment, the trial court, determined that OPSCO and Sheriff Foti did not breach their duty to Ms. Brou because there was no duty owed. If the event was determined to be foreseeable OPSCO and the Sheriff would have breached their duty to control their prisoner. The court stated:
"Generally, there is no duty to control, or warn against the criminal actions of a third person, so as to prevent him from causing physical injury to another, unless some special relationship exists to give rise to such a duty. According *820 to the Restatement of Torts courts have found that such a special relationship exists between parent and child, employer and employee, carrier and passenger, innkeeper and guest, shopkeeper and business invitee, restaurateur and patron, teacher and pupil and jailor and prisoner."
This reasoning is supported by Harris v. Pizza Hut of Louisiana, where the court determined "no one has a duty to control the conduct of a third person so as to prevent him from causing physical harm to another unless a special relationship exists." Harris v. Pizza Hut of Louisiana, Inc. 455 So.2d 1364 (La.1984). Whether a legal duty is owed by one party to another depends upon the facts and circumstances of the case and the relationship of the parties. USF & G v. Hi-Tower Concrete Pumping, 574 So.2d 424 (La.App. 2d Cir.1991). In the case sub judice, OPSCO, Sheriff Foti and Ms. Ruiz are considered, as the trial court stated, to have a "special relationship" because they share the jailor-inmate status, which creates a duty of care not only to the inmate, but also to a third party.
As the trial court concluded, the Sheriff has a duty to use reasonable care in preventing harm to a third party, when the Sheriff has reasonable cause to anticipate it. In the case sub judice, based upon the facts presented, the trial court concluded that Ms. Ruiz's outburst was not foreseeable. We do not find the conclusion of the trial court to be manifestly erroneous. The record establishes that Ms. Ruiz had not exhibited any violent behavior since incarceration and that her incarceration was due to municipal violations. Although Ms. Ruiz's prior arrests and incarcerations were for violent crimes her last incarceration for violence was 7 years prior and her last arrest for battery was 12 months prior to this incident. As the trial court determined and this court agrees, Ms. Ruiz's arrest and incarceration was not such that the Sheriff's office could have anticipated the outburst and; therefore was not reasonably foreseeable. This conclusion was based upon an evaluation of the record and was supported by a reasonable factual basis; therefore we are not inclined to reverse this decision. The trier of fact is allotted great discretion in evaluating the facts presented and only in the event of manifest error is the court motivated to disagree. In the case sub judice, we find the trial court was within its discretion and will not disturb its findings.
Appellants also assert that the trial court erred in ruling that the Sheriff owed no duty to warn because Ms. Ruiz's hospital treatment was unrelated to her psychological problems and they further assert that the trial court erred in ruling that the Sheriff owed no duty to warn because there was "no evidence" that Ruiz was suffering a "psychological episode." Discussion of the foregoing assignment of error in which Ms. Brou asserts that the trial court erred in concluding that there was no duty owed to Ms. Brou because of the unforeseeable nature of Ms. Ruiz's outburst pretermits discussion as to whether the trial erred in finding a duty to warn. The dispositve issue before this Court was whether OPSC and Sheriff Foti owed a duty to the plaintiffs. In finding that there was no duty owed to Ms. Brou to protect from an unforeseeable harm the issue of whether there was a duty to warn is moot.
AFFIRMED.
NOTES
[1] The parties offered conflicting testimony as to whether Deputy Magnard was listening to headphones and reading a puzzle book while sitting with Ms. Ruiz.