MADELEINE M. LANDRIEU, Judge.
|/The plaintiff, Alireza Salafian, appeals the trial court’s judgment granting a motion for summary judgment in favor of the defendants, the Islamic Association of Ara-bi, Ltd. (“IAA”) and Abdul Rahman Khan, and denying a cross-motion for summary judgment filed on his behalf. For the reasons below, we affirm the trial court’s judgment.
FACTS AND PROCEEDINGS BELOW
The undisputed facts of this case are as follows: Mr. Salafian rented or was occupying a room in a building owned by the defendant, the IAA. Mr. Abdul Rahman Khan is the IAA member from whom Mr. Salafian obtained his key and with whom he arranged his rental payments. During the late night or early morning hours of March 20 or 21, 2011, Mr. Salafian was returning to his room when he encountered another renter, Carl Gabriel, sitting on a bed in front of the building. After asking Mr. Gabriel if he was okay, Mr. Salafian retired to his room, made sure the door was locked, and fell asleep. Sometime thereafter, Mr. Salafian was awakened by someone who was assaulting him by striking him on the head with a | ¡.laptop computer. Mr. Salafian was rendered unconscious and was discovered some hours later by members of the IAA. He was transported to the hospital where he remained for approximately two and a half months. Mr. Salafian later learned that the man who attacked him was Mr. Gabriel, the same man he had seen outside of his room that evening. Mr. Gabriel was also renting from the IAA and living in the same building as Mr. Salafian.
Mr. Salafian filed suit against the IAA, Mr. Abdul Rahman Khan, Mr. Gabriel, and an “unidentified attendant on duty” for injuries sustained from the attack. His petition asserts that the IAA, Mr. Khan, and the unnamed attendant were aware of Mr. Gabriel’s violent propensities and were, therefore, responsible for protecting Mr. Salafian from him. In response, the IAA and Mr. Khan filed an answer to the petition, an exception of no cause of action, and a motion for summary judgment. Mr. Salafian then filed a cross-motion for summary judgment. Following a contradictory hearing on July 19, 2013, the trial court denied the motion for summary judgment filed by Mr. Salafian and granted the motion filed by the IAA and Mr. Khan, dismissing Mr. Salafian’s claims with prejudice. In its reasons for judgment, the trial court stated:
While there is a dispute over whether the establishment operated by the Islamic Association is either a hotel or a dormitory, Mr. Salafian has not provided any evidence to show that he will be able to meet his burden of proof in either case. Mr. Salafian provided receipts to show that he had paid rent for his room at the Association’s establishment. Accordingly, the Association’s argument that he was a trespasser is without merit. Regardless, the defendants’ motion for summary judgment must be granted, however the establishment is categorized, because there is no evidence in the record to show that the Association or Mr. Khan had any reason to know that Mr. Gabriel was violent or that he intended to harm Mr. Salafian or any other | .¡tenant of the establishment. Without such knowledge, Mr. Salafian cannot establish that the Association or Mr. Khan owed him any duty of care. *755 Without such a duty, there can be no breach of that duty and no tort liability. Similarly, Mr. Salafian’s cross-motion for summary judgment must be denied because he has failed to present evidence to support his claims against Mr. Khan and the Islamic Association.
ASSIGNMENTS OF ERROR
Mr. Salafian raises three assignments of error. He first alleges that the trial court erred in finding that no duty was owed to him. He then alleges that the trial court erred in finding that the conduct of the defendants was not a substantial factor in bringing about his harm, and finally asserts that the trial court overlooked the condition of the lock on the door that allowed Mr. Gabriel to enter the room.
DISCUSSION
At the time of the hearing on the motions at issue on this appeal, Article 966 of the Code of Civil Procedure provided that a motion for summary judgment shall be granted “if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law.” La. C.C.P. 966(B). The burden is on the movant. La. C.C.P. art. 966(C). If the movant does not bear the burden of proof at trial,
the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim ..., but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim.... Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
|„La. C.C.P. art. 966(C)(2).[1]
A threshold issue in any negligence action is whether the defendant owed the plaintiff a duty. This issue is a legal question for the court to decide. Meany v. Meany, 94-0251 (La.7/5/94), 639 So.2d 229, 233. A finding that there is no duty owed by a defendant to a plaintiff in a given case is an appropriate basis upon which to grant summary judgment in favor of that defendant. Mathieu v. Imperial Toy Corp., 94-0952 (La.11/30/94), 646 So.2d 318. A determination of whether a duty is owed depends on the relationship between the parties.
In the instant case, there is a factual dispute as to the relationship between the parties. The IAA and Mr. Khan assert that Mr. Salafian was a trespasser on the property because his stay was not approved by an IAA board member. Mr. Salafian alleges that he paid rent and was therefore owed the duty an innkeeper would owe to a guest. This factual dispute may not be decided on summary judgment. However, for the reasons that follow, we find, as did the trial court, that a determination of this factual dispute is not material to the issue before us.
In its reasons for judgment, the trial court considered Mr. Salafian’s affidavit that he had paid rent and, therefore, was not a trespasser. To the extent the trial court made a factual finding that Mr. Sala-fian was a tenant, we find that the trial court erred. Such a factual dispute cannot be resolved on summary judgment. How *756 ever, we understand that the trial court made this finding in an effort to | ^pretermit a factual dispute that was not material to its analysis. The court merely accepted as true, for the purposes of summary judgment, Mr. Salafian’s contention that he was a renter and rejected the IAA and Mr. Khan’s argument that Mr. Salafi-an was a trespasser. Accepting this as true, the trial court found, nonetheless, that Mr. Salafian could not meet his burden of proof at trial that he was owed a duty, by the defendants to protect him from the criminal acts of the third party. Finding no error in this approach, we now address the trial court’s determination that no such duty was owed.
The trial court concluded that the undisputed facts supported a finding that the relationship between Mr. Salafian and the defendants were either that of a business and its customer or an innkeeper and its guest. Using the highest burden of innkeeper/guest, the trial court found that there was no evidence to establish, under the facts of this case, a duty on the part of the defendants to protect Mr. Salafian from the criminal acts of third parties. Upon a de novo review of the record, we agree.
In Posecai v. Wal-Mart Stores, Inc., 99-1222 (La.l1/30/99), 752 So.2d 762, 766, the Louisiana Supreme Court adopted a balancing test to use to determine whether a business owes a duty of care to protect its customers from the criminal acts of third parties:
The foreseeability of the crime risk on the defendant’s property and the gravity of the risk determine the existence and the extent of the defendant’s duty. The greater the foreseeability and gravity of the harm, the greater the duty of care that will be imposed on the business. A very high degree of foreseeability is required to give rise to a duty to post security guards, but a lower degree of foreseeability Lmay support a duty to implement lesser security measures such as using surveillance cameras, installing improved lighting or fencing, or trimming shrubbery. The plaintiff has the burden of establishing the duty the defendant owed under the circumstances.
The foreseeability and gravity of the harm are to be determined by the facts and circumstances of the case. The most important factor to be considered is the existence, frequency and similarity of prior incidents of crime on the premises, but the location, nature and condition of the property should also be taken into account.
As to the duty owed by a landlord to a tenant, this court has previously held that unless there is some special relationship between the landlord and tenant, or where the landlord has assumed an implied or expressed obligation to the tenant and breached that duty, the landlord/lessor has no duty to protect his tenant from harm sustained as a result of acts of third persons. Cornelius v. Housing Authority of New Orleans, 539 So.2d 1250 (La.App. 4 Cir.1989). See also, Terrell v. Wallace, 98-2595, (La.App. 1 Cir. 12/28/99), 747 So.2d 748. A special relationship referred to in the instant case may be a lease in which the landlord assumes responsibility for security.
In the specific instance of an innkeeper, the Louisiana Supreme Court held in Kraaz v. La Quinta Motor Inns, Inc. 410 So.2d 1048, 1053 (La.1982), that
[a]n innkeeper does not insure his guests against the risk of injury or property loss resulting from violent crime. LSA-C.C. art. 2970. The innkeeper’s position vis-a-vis his guests is similar to that of a common carrier toward its passengers. Wilson v. Iberville Amuse *757 ment Co., 181 So. 817 (Orl.App.Ct.1938). Thus, a guest is entitled to a high degree of care and protection. See Galland v. New Orleans Public Service Inc., 377 So.2d 84 (La., 1979), and Green v. TACA 304 So.2d 357 (La., 1974). The innkeeper has a duty to take reasonable precautions against criminals.
Mr. Salafian asserts in his petition that the IAA and Mr. Khan should have known that Mr. Gabriel was dangerous. However, in connection with their motion |7for summary judgment, the IAA and Mr. Khan presented competent summary judgment evidence that denied any knowledge of Mr. Gabriel’s violent propensities.
In deposition testimony filed in support of his motion for summary judgment, Mr. Khan testified that Mr. Gabriel had rented a room from the IAA off and on for fifteen to twenty years. Mr. Khan had known Mr. Gabriel to be cordial and pleasant and a good member of the IAA. Mr. Khan further testified in his deposition that the first knowledge he had of any unusual behavior exhibited by Mr. Gabriel was on the morning of March 21, 2013, when he received a call from a fellow association member that Mr. Gabriel was walking around naked and confused. After calling authorities who arrested Mr. Gabriel, Mr. Khan and another member walked the property and found Mr. Salafian in his room, unconscious, having been beaten. Mr. Khan’s deposition testimony established that neither he nor any member of the IAA had any knowledge of what had happened to Mr. Salafian or that Mr. Gabriel was capable of such conduct. Further, Mr. Khan’s deposition testimony established that neither he nor the IAA were aware of criminal activity in the area.
The burden was then on Mr. Salafian to refute the claim by the IAA and Mr. Khan that they had no knowledge of Mr. Gabriel’s violent propensities. Mr. Salafian failed to do so. He presented no evidence to establish that the IAA or Mr. Khan were aware of any criminal activity in the area generally or any past criminal or suspicious behavior on the part of Mr. Gabriel specifically. Mr. Salafian | ¿presented no evidence that a security guard was on duty or should have been on duty or that the lock on his door was insufficient to provide reasonable protection. There is in fact no evidence in the record as to how Mr. Gabriel gained entry into Mr. Salafian’s room. Accordingly, Mr. Salafian has failed to establish the existence of material issues of fact that would, give rise to a duty on the part of the defendants.
CONCLUSION
For the reasons stated, we affirm the judgment of the trial court, which granted summary judgment in favor of the IAA and Mr. Khan and denied summary judgment in favor of Mr. Salafian.
AFFIRMED.
McKAY, C.J., dissents.

. This article has been amended five times in the past six years, causing courts to determine in any given case which amendment is applicable. On the facts before us, the amendments are immaterial and we use the article in effect at the time of the hearing on the motions.