Judge Roland L. Belsome
The plaintiffs/appellants, Norris "Mickey" Dearmon, Shawn Rivers, John Roper, II, Shawn White, and David Bexlay (collectively the "plaintiffs"), appeal the trial court's granting of summary judgment in favor of appellees, St. Ann Lodging, LLC d/b/a Bourbon Orleans Hotel and QBE North America Insurance Group (collectively the "Hotel"). For the reasons that follow, we reverse and remand the matter for further proceedings.
On November 21, 2013, the plaintiffs were guests of the hotel when they were beaten and robbed in their hotel room after opening the door for unknown individuals that identified themselves as the police.[1] Subsequent to the incident, the plaintiffs filed suit against the Hotel alleging that the Hotel was negligent in failing to provide the plaintiffs with adequate security.
In October of 2016, the Hotel filed a motion for summary judgment maintaining that the plaintiffs had no admissible evidence to establish that the Hotel breached a duty of care owed to them or that the incident of November 21, 2013 was reasonably foreseeable. Following a hearing, the trial court took the motion for summary judgment under advisement and permitted the parties to submit post-hearing memoranda. Later, the trial court rendered judgment granting the Hotel's motion for summary judgment.[2]
When determining whether summary judgment was correctly granted, the appellate courts conduct a de novo review using the same criteria as the trial court. Fleming v. Hilton Hotels Corp. , 1999-1996, p. 2 (La.App. 4 Cir. 7/12/00), 774 So.2d 174, 176 (citing Reynolds v. Select Properties, Ltd. , 93-1480 (La. 4/11/94), 634 So.2d 1180, 1183 ). In accordance with La. C.C.P. article 966, "a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(A)(3).
*642 In Louisiana, a negligence action is analyzed under a duty-risk analysis. Burch v. SMG, Schindler Elevator Corp. , 2014-1356, p. 5 (La.App. 4 Cir. 4/7/16), 191 So.3d 652, 658 (citing McCloud v. Housing Auth. of New Orleans , 2008-0094, p. 3 (La.App. 4 Cir. 6/11/08), 987 So.2d 360, 362 ). There are five elements to the duty-risk analysis that the plaintiff must prove to be successful in a negligence claim: (1) that the defendant had a duty to conform his conduct to a specific standard; (2) that the defendant's conduct failed to conform to the appropriate standard; (3) that the defendant's substandard conduct was a cause in fact of the plaintiff's injuries; (4) that the defendant's substandard conduct was a legal cause of the plaintiff's injuries; and (5) actual damages. Lemann v. Essen Lane Daiquiris, Inc., 2005-1095, p. 7 (La. 3/10/06), 923 So.2d 627, 633 (citation omitted).
Whether the defendant owed the plaintiff a duty is the threshold issue in a negligence action. Id. If it is determined that the defendant did not have a duty to protect the plaintiff from the harm suffered, then there cannot be a finding of negligence. Duty is a question of law. Id. The general rule is that businesses do not have a duty to protect their customers from the criminal activities of third parties. Posecai v. Wal-Mart Stores, Inc. , 1999-1222 (La. 11/30/99), 752 So.2d 762, 766. However, in Louisiana, an "innkeeper has a duty to take reasonable precautions against criminals." Salafian v. Gabriel , 2013-1399, p. 6 (La.App. 4 Cir. 7/16/14), 146 So.3d 753, 757 (quoting Kraaz v. La Quinta Motor Inns, Inc. , 410 So.2d 1048, 1053 (La. 1982) ).
Louisiana courts have adopted a balancing test to determine if a business owes a duty to protect its customers from the criminal acts of third parties. Id. at 768. The court must weigh "[t]he foreseeability of the crime risk on the defendant's property and the gravity of the risk to determine the existence and extent of the defendant's duty." Id. This test is applied to the facts and circumstances surrounding each case. Id.
A key factor in determining the foreseeability of the crime risk is the past occurrence of similar incidents. However, the inquiry does not end there. The court must also consider the location, nature, and condition of the property. Additionally, if management or employees of the business had knowledge that a third party's intended injurious conduct was about to occur, there is a duty to act. See Ballew v. Southland, Corp. , 482 So.2d 890 (La.App. 2 Cir. 1/22/86).
In this case, the trial court found that the plaintiffs did not meet their burden of establishing the Hotel owed a duty to protect them under the circumstances presented. To prove that the plaintiffs could not establish that a duty was owed, the Hotel offered the affidavit of its General Manager, Mark Wilson. Mr. Wilson attested to the fact that he had no knowledge about incidents involving alleged criminal activity at the Bourbon Orleans Hotel or in the area immediately surrounding the hotel. Further, he stated that there had been no reported assaults or robberies in the common areas of the hotel or in the immediate vicinity of the hotel. According to Mr. Wilson, the November 21, 2013 armed robbery was the first and only such reported violent crime at or near the hotel.
In opposition to the Hotel's motion for summary judgment, the plaintiffs provided an affidavit from a safety and security expert, Raymond Pendleton. Mr. Pendleton has thirty years of experience in the fields of security and investigations. He stated that he reviewed and analyzed documents, discovery responses, and various *643 reports detailing the facts and circumstances surrounding the incident at the Bourbon Orleans Hotel. One of the reports authored by a Bourbon Orleans Hotel employee indicated that the "night auditors had noticed 5 'shady' looking guys walk passed [sic] the front desk to the elevators. Security also noticed them on the monitors in PDX. Security radioed the front desk and asked where they were going."[3] The auditors claimed the elevator stopped on several floors. After walking a few of the floors, security was unable to locate the men. Then, the front desk received a noise complaint from guests on the fifth floor. Security and the night auditor went to the fifth floor where they claimed to have heard a commotion and someone shouting "get on the floor! Put your head down #$&*%!." At that time, security chose to disengage and call the police.
That evidence, together with the Bourbon Orleans Hotel's central location in the French Quarter, resulted in Mr. Pendleton's conclusion that the risk of crime and the potential for violent and non-violent criminal activity was reasonably foreseeable. He further found that the failure of the Bourbon Orleans Hotel's employees and security staff to intervene and prevent the criminal activity amounted to inadequate security measures. Notably, the Hotel did not offer any evidence to controvert Mr. Pendleton's expert conclusions provided in the affidavit.
This Court, guided by Jones v. Estate of Santiago, 2003-1424 (La. 4/14/04), 870 So.2d 1002, has reasoned that "summary judgment should be denied when the movant, herein Appellees, fail to offer any scintilla of evidence that controverts the testimonial evidence offered by Appellant's expert witness." Guy v. Howard Hughes Corp., 2018-0413, p. 4, n.1 (La.App. 4 Cir. 12/19/18), 262 So.3d 327. Furthermore, the Louisiana Supreme Court has reasoned that:
If a party submits expert opinion evidence in opposition to a motion for summary judgment that would be admissible under Daubert-Foret and the other applicable evidentiary rules, and is sufficient to allow a reasonable juror to conclude that the expert's opinion on a material fact more likely than not is true, the trial judge should deny the motion and let the issue be decided at t trial.
Independent Fire Ins. Co. v. Sunbeam Corp. , 1999-2181, p. 17 (La. 2/29/00), 755 So.2d 226, 236.
Accordingly, after reviewing the evidence presented together with the applicable law, we find that the trial court erred in granting the motion for summary judgment. The plaintiffs effectively established a genuine issue of material fact as to the extent of the duty owed to these plaintiffs. The trial court's ruling is reversed, and the matter is remanded for further proceedings.
REVERSED AND REMANDED
ATKINS, J., CONCURS WITH REASONS
ATKINS, J., CONCURS WITH REASONS.
I agree with the majority's opinion as to the result and hereby assign additional reasons why the reversal of summary judgment and remand is appropriate. Although the majority states that businesses have a duty to take reasonable precautions to protect customers from criminal acts, I further note that jurisprudence shows that *644 hotels are required to exercise "a higher degree of care" to protect their guests. Salafian v. Gabriel , 2013-1399, pp. 6-7 (La. App. 4 Cir. 7/16/2014), 146 So.3d 753, 756-57, writ denied , 2014-1733 (La. 11/7/14), 152 So.3d 179 (citing Kraaz v. La Quinta Motor Inns, Inc. , 410 So.2d 1048, 1053 (La. 1982) ); Landry v. St. Charles Inn, Inc. , 446 So.2d 1246, 1249 (La. App. 4 Cir. 1984) ; Banks v. Hyatt Corp. , 722 F.2d 214 (5th Cir. 1984). The relationship between a hotel owner and its guest is a special one that is similar to the relationship between a common carrier and a passenger. Salafian, supra ; Landry, supra ; Banks, supra . The "higher degree of care" required of a hotel owner is greater than the "ordinary or reasonable care to protect their guests against injury by third persons." Banks, supra . A hotel owner has a "duty to take reasonable precautions against criminals," which includes taking "reasonable precautions to deter the type of criminal activity which resulted in a guest's injury." Salafian, supra ; Landry, supra ; Banks, supra .
As the majority notes, the Hotel's security officers had knowledge of the suspicious persons and that there was a potential for criminal activity. Despite such knowledge, the Hotel failed to provide adequate protection for their guests or implement precautions to deter the criminal activity that resulted in the guests' injuries. Therefore, the Hotel failed to exercise a higher degree of care to protect its guests from criminal activity.
For these additional reasons, I concur with the majority's opinion.

The room was registered in Mr. Dearmon's name.

The trial court originally rendered judgment on December 5, 2017. The plaintiffs filed an appeal from that judgment. This court determined that the decretal language in the judgment was insufficient to confer jurisdiction. Dearmon v. St. Ann Lodging, LLC, 2018-0377 (La.App. 4 Cir. 9/7/18), 255 So.3d 635. The appeal was dismissed without prejudice and remanded. The judgment was properly amended and this appeal followed.

This report was entered into evidence at the hearing for the motion for summary judgment.