| WILLIAM CAMPBELL | * | NO. 2023-CA-0731 |
|---|---|---|
| VERSUS | * | |
| | | COURT OF APPEAL |
| ORIENT-EXPRESS HOTELS | * | |
| LOUISIANA, INC., WINDSOR | | FOURTH CIRCUIT |
| COURT HOTEL INC. OF | * | |
| DELAWARE, WINDSOR | | STATE OF LOUISIANA |
| COURT HOTEL, L.L.C., | * * * * * * * | |
| WINDSOR COURT HOTEL | | |
| LIMITED PARTNERSHIP, | | |
| WINDSOR COURT | | |
| MANAGEMENT LOUISIANA, | | |
| INC., ABC SECURITY | | |
| COMPANY, AND XYZ | | |
| INSURANCE COMPANY | | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2009-04175, DIVISION "I-14"
Honorable Lori Jupiter, Judge
* * * * * *
**Judge Nakisha Ervin-Knott**
* * * * * *
(Court composed of Judge Tiffany Gautier Chase, Judge Karen K. Herman, Judge
Nakisha Ervin-Knott)

*CHASE, J., CONCURS AND ASSIGNS REASONS*

Patrick H. Hufft
HUFFT & HUFFT, APLC
635 St. Charles Avenue
New Orleans, LA 70130

      COUNSEL FOR PLAINTIFF/APPELLANT

Anne Derbes Wittmann
Erin Pelleteri Howser
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC
201 St. Charles Avenue, Suite 3600
New Orleans, LA 70170

      COUNSEL FOR DEFENDANTS/APPELLEES

                            **REVERSED AND REMANDED**
                                   **April 25, 2024**

NEK
KKH

William Campbell ("Mr. Campbell") seeks review of the trial court's April 4, 2023 judgment granting Orient-Express Hotels Louisiana, Inc., Windsor Court Hotel Inc. of Delaware, Windsor Court Hotel, L.L.C., Windsor Court Hotel Limited Partnership, and Windsor Court Management Louisiana, Inc.'s (collectively "Windsor Court") motion for summary judgment. After consideration of the record before this Court and the applicable law, we reverse the trial court's April 4, 2023 judgment and remand this matter to the trial court for further proceedings.

### RELEVANT FACTS AND PROCEDURAL HISTORY

In the early morning hours on Christmas Day 2018, Mr. Campbell left Harrah's Casino and returned to his hotel room at the Windsor Court Hotel in New Orleans, Louisiana. As he entered the courtyard, he observed a parked vehicle. According to Mr. Campbell, the occupants of the vehicle pleaded for his assistance, thus, causing him to approach the vehicle. Once at the vehicle, Mr. Campbell pulled a substantial amount of money out of his pocket. The vehicle occupants grabbed the money and began to drive away, partially trapping Mr. Campbell's body inside of the vehicle. He was ultimately able to free himself from the vehicle. However, he sustained physical, mental, and emotional injuries as a result of this incident.

Mr. Campbell filed a petition for damages against Windsor Court on April 23, 2009, alleging the hotel's negligence and/or strict liability for this incident. In the course of this litigation, Windsor Court has filed two nearly identical motions for summary judgment six years apart. In both motions, they asserted that Mr. Campbell did not have a sufficient factual basis to show that Windsor Court owed him a duty under the facts presented. Additionally, Windsor Court asserted that neither their actions nor inactions caused the incident. Windsor Court's position, supported by expert testimony, was that they could not be on notice that an incident like this was foreseeable because of a lack of criminal activity on the premises for at least twenty years prior to this incident. Further, Windsor Court urged the court to consider Mr. Campbell's comparative fault. The trial court denied Windsor Court's October 16, 2015, motion, but granted their October 20, 2022, motion for summary judgment.[1] The judgment which forms the basis of this appeal was signed on April 4, 2023.

On April 13, 2023, Mr. Campbell filed a motion for rehearing and/or new trial along with a motion for written reasons on the trial court's judgment. Pursuant to Mr. Campbell's request, the trial court issued written reasons for judgment on April 28, 2023. The hearing on the motion for new trial was held on June 1, 2023, which was denied. The trial court signed the judgment regarding the motion for new trial on July 12, 2023. Mr. Campbell timely filed this devolutive appeal.

## DISCUSSION

A motion for summary judgment shall be granted only if the motion, memorandum, and supporting documents admitted for purposes of the motion for

---

[1] In the March 24, 2023, summary judgment hearing transcript, the parties incorrectly state that Judge Nakisha Ervin-Knott denied the first summary judgment motion. Judge Paula Brown denied the October 2015 summary judgment, and Judge Pro Tempore Richard Perque granted the October 2022 summary judgment at issue here.

summary judgment show there is no genuine issue as to material fact and the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3) & (4). On a motion for summary judgment, the mover bears the burden of proof but is not required to negate all elements of the adverse party's claim if the mover will not bear the burden of proof at trial. La. C.C.P. art. 966 (D)(1). Thus, La. C.C.P. art 966:

> first places the burden of producing evidence at the hearing on the motion for summary judgment on the mover (normally the defendant), who can ordinarily meet that burden by submitting affidavits or by pointing out the lack of factual support for an essential element in the opponent's case. At that point, the party who bears the burden of persuasion at trial (usually the plaintiff) must come forth with evidence (affidavits or discovery responses) which demonstrates he or she will be able to meet the burden at trial.

*Babin v. Winn-Dixie Louisiana, Inc.*, 2000-0078, p.4 (La. 6/30/00), 764 So.2d 37, 39. If the adverse party fails to set forth specific facts demonstrating a genuine issue of material fact, summary judgment shall be rendered against the adverse party if appropriate. La. C.C.P. art. 967(B). In determining whether summary judgment was correctly granted, the appellate courts conduct a *de novo* review using the same criteria as the trial court. *Dearmon v. St. Ann Lodging, L.L.C.*, 2018-0994, p. 3 (La. App. 4 Cir. 3/27/19), 267 So. 3d 639, 641 (citing *Fleming v. Hilton Hotels Corp.*, 1999-1996, p. 2 (La. App. 4 Cir. 7/12/00), 774 So.2d 174, 176).

Although Mr. Campbell asserts multiple assignments of error, the dispositive issue is whether the trial court erred in granting Windsor Court's motion for summary judgment.[2] A negligence action is analyzed under a duty-risk

---

[2] Specifically, Mr. Campbell asserts four assignments of error:

1. The trial court erred in making erroneous factual findings and in granting summary judgment despite the existence of genuine issues of material fact;

2. The court erred in finding no issues of material fact concerning the foreseeability of the incident and the negligence of the Windsor Court Hotel;

analysis. *Dearmon*, 2018-0994, p. 3, 267 So. 3d at 642 (citing *Burch v. SMG, Schindler Elevator Corp.*, 2014-1356, p. 5 (La. App. 4 Cir. 4/7/16), 191 So.3d 652, 658). Under the duty-risk analysis, the plaintiff is required prove five elements in order to be successful in a negligence claim: (1) that the defendant had a duty to conform his conduct to a specific standard; (2) that the defendant's conduct failed to conform to the appropriate standard; (3) that the defendant's substandard conduct was a cause in fact of the plaintiff's injuries; (4) that the defendant's substandard conduct was a legal cause of the plaintiff's injuries; and (5) actual damages. *Id.* (citing *Lemann v. Essen Lane Daiquiris, Inc.,* 2005-1095, p. 7 (La. 3/10/06), 923 So.2d 627, 633).

A threshold issue in any negligence action is whether the defendant owed the plaintiff a duty. *Id.*, 2018-0994, p. 4, 267 So. 3d at 642; *Posecai v. Wal-Mart Stores, Inc.,* 1999–1222, p. 6 (La. 11/30/99), 752 So. 2d 762, 766. Whether a duty is owed is a question of law. *Id.* In *Harris v. Pizza Hut of Louisiana*, the Louisiana Supreme Court determined no one has a duty to control the conduct of a third person so as to prevent him from causing physical harm to another unless a special relationship exists. *See Harris v. Pizza Hut of Louisiana, Inc.*, 455 So. 2d 1364 (La. 1984). "Whether a legal duty is owed by one party to another depends upon the facts and circumstances of the case and the relationship of the parties." *Brou v. Orleans Par. Criminal Sheriff's Office*, 2003-1760, p. 5 (La. App. 4 Cir. 2/16/05), 897 So. 2d 817, 820; *see also Terrell v. Wallace*, 1998-2595 (La. App. 1

---

3. The trial court erred in not addressing the higher standard of care owed by a hotel to its guests; and

4. The trial court committed reversible error by weighing the plaintiff's own comparative fault against the hotel's duty.

Cir. 12/28/99), 747 So. 2d 748, 750. Generally, "there is no duty to control, or warn against, the criminal actions of a third person so as to prevent him from causing physical injury to another, unless some special relationship exists to give rise to such a duty." *Terrell*, 1998-2595, p. 5, 747 So. 2d at 750. "Courts traditionally have found such relationships to exist between parent and child; employer and employee; carrier and passenger; innkeeper and guest; shopkeeper and business visitor; restaurateur and patron; jailer and prisoner; and teacher and pupil." *Id.*

Louisiana jurisprudence holds that an "innkeeper has a duty to take reasonable precautions against criminals." *Dearmon,* 2018-0994, p. 4, 267 So. 3d at 642. (citing *Salafian v. Gabriel*, 2013-1399, p. 6 (La. App. 4 Cir. 7/16/14), 146 So.3d 753, 757). Further, Louisiana courts utilize a balancing test to determine whether a business owes a duty to protect its customers from the criminal acts of third parties. *Id.* "The court must weigh '[t]he foreseeability of the crime risk on the defendant's property and the gravity of the risk to determine the existence and extent of the defendant's duty.'" *Id.* This test is applied on a case-by-case basis requiring an examination of the facts and circumstances surrounding each case. *Id.* Past occurrences of similar incidents is a key factor in determining the foreseeability of the crime risk. *Id.* Nevertheless, the court must also consider the location, nature, and condition of the property. *Id.*

In *Dearmon*, the appellants were beaten and robbed in their hotel room and subsequently filed suit alleging the hotel was negligent for failing to provide adequate security. 2018-0994, p. 2, 267 So. 3d at 641. The appellee-hotel filed a motion for summary judgment arguing there was no duty to protect because the crime was not foreseeable. *Id*. The hotel showed there had been no previous violent incidents or known criminal activity at the hotel or in the area immediately

5

surrounding the hotel. *Id*. 2018-0994, p. 5, 267 So. 3d at 642. The trial court granted the motion. *Id*. 2018-0994, p. 2, 267 So. 3d at 641. On appeal, this Court reversed the granting of summary judgment and remanded the case. *Id*., 2018-0994, p. 6, 267 So. 3d at 643. This Court found the crime was foreseeable based on the circumstances immediately preceding the attack. *Id*. Specifically, this Court reasoned that the report submitted by the appellants' security expert detailing the staff's monitoring of the suspicious people on the premises but failing to intervene, and the hotel's central location in the French Quarter were sufficient to create a genuine issue of material fact as to whether the crime was foreseeable. *Id*., 2018-0994, p. 5, 267 So. 3d at 643.

More recently, in *Goldstein v. Chateau Orleans, Inc.*, this Court reversed the entering of a judgment notwithstanding the verdict in favor of a hotel because it established that a reasonable jury could have found the crime on the hotel's premises to be foreseeable. 2020-0401, pp. 16-17 (La. App. 4 Cir. 11/12/21), 331 So. 3d 1027, 1039-40. The Court evaluated the totality of the circumstances, finding that the trial court improperly narrowed its analysis to the *Posecai* standard by only considering whether similar crimes were previously committed on the premises. *Id.*

In the instant matter, Mr. Campbell would bear the burden at trial of proving Windsor Court had a duty to protect him from criminal acts of a third party. Therefore, Windsor Court could satisfy their initial burden of proof on the motion for summary judgment by pointing out an absence of factual support that Windsor Court owed such a duty to Mr. Campbell because this incident was not reasonably foreseeable. *See* La. C.C.P. art. 966(D)(1). Once Windsor Court satisfies this burden, the burden would shift to Mr. Campbell to produce factual support sufficient to establish the existence of a genuine issue of material fact.

It is undisputed that Mr. Campbell was a hotel guest of the Windsor Court Hotel when this incident occurred on its premises. Thus, an innkeeper-guest relationship existed, and Windsor Court had a duty to take reasonable precautions against criminals. Windsor Court maintains that this particular incident was not foreseeable; therefore, it did not owe a duty of protection to Mr. Campbell under the circumstances. In support of its position, Windsor Court cites to the Director of Security, Craig Bruno's ("Mr. Bruno") affidavit, in which he states, "There has been no criminal activity in the Windsor Court Hotel's courtyard at any time during the twenty years prior to the incident at issue." Windsor Court also cites to security expert, Thomas Whitlatch's ("Mr. Whitlatch") – Mr. Campbell's expert – deposition testimony, in which he admits that the crime risk Mr. Campbell encountered was not foreseeable. Mr. Whitlatch's deposition states, in pertinent part:

> Q. Would you agree that security precautions are based on what a hotel could reasonably and foreseeably expect?
>
> A. Sure.
>
> Q. Is it your opinion that Windsor Court should have reasonably anticipated that Mr. Campbell would approach an unknown vehicle with unknown occupants, would converse with unknown occupants for over two minutes, would pull out money and put it in reach of the occupants of that vehicle?
>
> A. Using your scenario, no.

Thus, the evidence presented by Windsor Court showing no criminal activity had previously occurred at the Windsor Court Hotel shifted the burden to Mr. Campbell to show there was a genuine issue of fact concerning the foreseeability of the criminal act upon Mr. Campbell. *See* La. C.C.P. art. 966(D)(1).

Under a foreseeability analysis, we find that the trial court improperly limited its foreseeability analysis to only the first consideration – past occurrences of similar

acts. The trial court's finding that there have been no criminal activity committed in the Windsor Court Hotel's courtyard is only the beginning of the analysis. Other factors - such as the location, nature, and condition of the hotel - should also be taken into account as this Court has repeatedly found that a lack of prior similar acts on a particular premises does not automatically render a crime unforeseeable. *See Dearmon*, 2018-0994, 267 So. 3d 639; *Chatman v. S. Univ. New Orleans*, 2015-1179 (La. App. 4 Cir. 7/6/16), 197 So. 3d 366; *see also Pinsonneault v. Merchants & Farmers Bank & Tr. Co.*, 2001-2217 (La. 4/3/02), 816 So. 2d 270.

In his deposition, Mr. Whitlatch testified to the fact that New Orleans, at the time of the incident, had a high crime rate. Further, according to the hotel's general manager, there were at least two security guards on duty on the night of the incident, and the front desk manager should have been in the lobby where he would have been able to observe the courtyard. However, according to Mr. Campbell's testimony, there was no sign of a manager or any other hotel personnel in the lobby at the time this incident occurred.

After conducting a *de novo* review of the evidence presented, drawing all reasonable inferences therefrom in favor to Mr. Campbell, we find the district court erred in granting summary judgment in favor of Windsor Court as there are genuine issues of material fact regarding whether this particular incident was not foreseeable, thus, imposing a duty of protection on Windsor Court.

## DECREE

For the forgoing reasons, the trial court's April 4, 2023 judgment granting summary judgment in favor of Windsor Court is reversed, and this matter is remanded to the trial court for further proceedings.

**REVERSED AND REMANDED**