McCLENDON, J.
|2In this personal injury suit, the plaintiffs appeal a summary judgment granted in favor of the defendants, dismissing their claim for damages. For reasons that follow, we affirm.
FACTUAL AND PROCEDURAL HISTORY
On November 9, 2007, the plaintiffs, Judy N. Brown and John W. Brown, commenced these proceedings against the defendants, Amar Oil Company d/b/a Swifty’s Food Mart No. 15 (Swifty’s) and its liability insurer, First Financial Insurance Company (First Financial), seeking damages for injuries sustained by them as a result of a fall by Ms. Brown. According to the allegations of the plaintiffs’ petition, on November 11, 2006, Ms. Brown entered Swifty’s for the purpose of purchasing a beverage when she tripped on a dangerous condition in the doorway of the entrance, which caused her to fall and hit her head on some shelving, resulting in her suffering head trauma and loss of consciousness. It is undisputed that the “dangerous condition” alleged in the plaintiffs’ petition was a flipped-up floor mat.
On September 17, 2010, the defendants filed a motion for summary judgment claiming, that the plaintiffs would be unable to meet their burden of proof under LSA-R.S. 9:2800.6 and, therefore, sought dismissal of the plaintiffs’ claims against them. By judgment signed on May 18, 2011, the trial court granted the defendants’ motion for summary judgment and dismissed the plaintiffs’ claims. It is from this judgment that the plaintiffs now appeal.
APPLICABLE LAW
Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966 B; Collins v. Randall, 02-0209 (La.App. 1 Cir. 12/20/02), 836 So.2d 352, 354. In determining whether summary judgment is appropriate, appellate courts conduct a de novo review of the evidence, employing the same criteria that govern the trial court’s determination of whether summary judgment is appropriate. Sanders v. Ashland Oil, Inc., 96-1751 (La.App. 1 Cir. 6/20/97), 696 So.2d 1031, 1035, writ denied, 97-1911 (La.10/31/97), 703 So.2d 29.
The initial burden of proof is on the moving party. However, if the mover will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the mover’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather, to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action or defense. Thereafter, if the adverse party fails to provide factual evidence sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. LSA-C.C.P. art. 966 C(2). It is only after the motion has been made and properly supported that the burden shifts to the non- *1091 moving party. Pugh v. St. Tammany Parish School Bd., 07-1856 (La.App. 1 Cir. 8/21/08), 994 So.2d 95, 98, writ denied, 08-2316 (La.11/21/08), 996 So.2d 1113.
A genuine issue is a triable issue. More precisely, an issue is genuine if reasonable persons could disagree. If on the state of the evidence, reasonable persons could reach only one conclusion, there is no need for a trial on that issue. In determining whether an issue is genuine, courts cannot consider the merits, make credibility determinations, evaluate testimony, or weigh evidence. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.7/5/94), 639 So.2d 730, 751. A fact is material when its existence or non-existence may be essential to the plaintiffs cause of action under the applicable theory of recovery. Facts are material if they potentially insure or preclude recovery, affect a litigant’s ultimate success, or determine the outcome of the legal dispute. King v. Illinois Nat. Ins. Co., 08-1491 (La.4/3/09), 9 So.3d 780, 784. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of substantive law applicable to the case. Hall v. Our Lady of the Lake R.M.C., 06-1425 (La.App. 1 Cir. 6/20/07), 968 So.2d 179, 185.
The applicable substantive law in this case is set forth in LSA-R.S. 9:2800.6, which provides, in pertinent part:
A. A Merchant owes a duty to persons who use his premises to |4exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
B. In a negligence claim brought against a merchant by a person lawfully on the merchant’s premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant’s premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, pri- or to the occurrence.
(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
C.Definitions:
(1) “Constructive notice” means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.
DISCUSSION
The plaintiffs have the burden of proving that the floor mat where Ms. Brown tripped presented an unreasonable risk of harm to her, that the risk of harm was reasonably foreseeable, that Swifty’s either created or had actual or constructive notice of the condition prior to the occurrence, and that Swifty’s failed to exercise reasonable care to eliminate the condition. The plaintiffs contend that the trial court erred in finding that they could not show that Swifty’s had constructive notice of the *1092 unsafe condition of the floor mat. They further claim that the trial court erred in finding that the flipped up mat did not create an unreasonable risk of harm. Finally, the plaintiffs contend that the trial court erred in not finding that the unsafe condition caused Ms. Brown to fall. The defendants maintain, however, that summary judgment was appropriate as there were no genuine issues of material fact.
In support of their motion for summary judgment, the defendants offered excerpts of the deposition testimony of Ms. Brown; excerpts of the deposition testimony |fiof Brandon Amar, the designated representative of Swifty’s; and their answers to the plaintiffs’ interrogatories.[1] According to the excerpts of Ms. Brown’s deposition, she could not recall any details regarding her entry into and fall at Swifty’s. She stated that all she could remember was that she walked into the store, “[sjome-thing caught [her] foot,” she couldn’t balance or catch herself, and she fell. According to the excerpts of the deposition of Mr. Amar, “Cintas” maintains their rugs weekly and Swifty’s has had no incidents of patrons slipping or falling because of a rug in the store. Additionally, he stated that Swifty’s did not have any documentation or checklist concerning the frequency that the interior of Swifty’s is supposed to be inspected, swept, or mopped.
In their answers to the plaintiffs’ interrogatories, the defendants identified the only witness to the incident, stated that there was a surveillance video of the incident in the custody of Mr. Amar, and stated that an accident report was prepared shortly after the accident. Additionally, they described the accident as occurring in the following manner: “On November 11, 2006 around 11:20 am a customer exiting the store inadvertently turned over the corner of a mat at the front of the store. According to the surveillance video, at 11:23 am, Ms. Brown entered the store, tripped on her own feet or stepped on the turned-up mat and apparently fell forward.” Additionally, the defendants stated that “the accident appeared] to be caused by the plaintiff either tripping herself or stepping on the mat and then tripping on the edge of the mat.”
The plaintiffs offered no evidence in opposition to the motion for summary judgment.
After conducting a de novo review of the evidence submitted in support of the motion for summary judgment, we conclude that the defendants showed that there was an absence of support for essential elements of the plaintiffs’ claim, including, that the flipped up mat had existed for such a period of time that it would have been discovered |fiif Swifty’s had exercised reasonable care. In the absence of any evidence presented by the plaintiffs as to the location of any Swifty’s employee prior *1093 to the accident or whether a Swifty’s employee had an opportunity to see the flipped up mat before Ms. Brown entered the store, the plaintiffs failed to show that Swifty’s had constructive notice of the condition. Moreover, even if an employee was in the area, the presence of an employee in the vicinity in which the condition exists does not, alone, constitute constructive notice. LSA-R.S. 9:2800.6 C(l). Additionally, in the absence of any evidence by the plaintiffs, the plaintiffs did not show that Swifty’s failed to exercise reasonable care in this matter. Not only was no evidence presented to show that a Swifty’s employee was present in the area of the floor mat, but no evidence was presented to show that, if an employee was in the area of the floor mat, the employee knew, or in the exercise of reasonable care should have known, of the condition.[2]
The plaintiffs failed to establish that they would be able to satisfy their eviden-tiary burden of proof at trial. Accordingly, summary judgment in favor of Swifty’s and First Financial was appropriate.
CONCLUSION
For the above and foregoing reasons, the May 18, 2011 judgment of the trial court is affirmed. All costs of this appeal are assessed to the plaintiffs, Judy N. Brown and John W. Brown.
AFFIRMED.
WELCH, J., dissents with reasons.
PETTIGREW, dissents.
GAIDRY, concurs.

. Also in support of their motion for summary judgment, the defendants relied on the defendants’ responses to the plaintiffs’ request for production of documents, including a copy of the store surveillance video of the incident. Competent summary judgment evidence includes the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits. LSA-C.C.P. art. 966 B. We note that at the beginning of the hearing on the motion for summary judgment, counsel for Swifty’s submitted "the motions, memorandum, and attached exhibits into the record as exhibits on this motion” without apparent objection, and the trial court allowed their introduction. Having been offered and introduced into evidence without objection, we find no error in the trial court's consideration of this evidence. Cf. Sheffie v. Wal-Mart Louisiana, LLC, 11-1038 (La.App. 5 Cir. 5/31/12), 92 So.3d 625 (holding that a surveillance video that was not offered and introduced into evidence on a motion for summary judgment could not be considered). Nonetheless, even without the video, our decision would remain the same.

. Having found that the plaintiffs failed to establish that Swifty’s had actual or constructive notice of the condition, we need not address the plaintiffs’ argument that the turned up floor mat created an unreasonable risk of harm.