Judge Regina Bartholomew Woods
FACTUAL AND PROCEDURAL BACKGROUND
| ¶ This is a personal injury suit arising out of a trip and fall on a mat in the lobby of a bank. On May 17, 2013, Plaintiff, Sybil Alexander (“Ms. Alexander”), made a routine visit to the Whitney Bank located at 228 St. Charles Avenue in New Orleans, Louisiana. Upon exiting the lobby of the bank, Ms. Alexander alleges that she tripped and fell over a “wave” or “lip” in the rubber edge of the floor mat. As a result, she fell forward, striking her head on the door resulting in a large gash. She also tore her lateral and medial meniscus in her left knee.
On May 16, 2014, Ms. Alexander filed this suit against Hancock Bank d/b/a Whitney Bank (‘Whitney”), and A-l Services, Inc. (“A-l”), as the supplier of the commercial floor mat to Whitney.[1] On January *715 4, 2016, Whitney filed a motion for summary judgment on liability. A-l likewise filed a motion for summary judgment. On February 19, 2016, the trial court granted the motions for summary | judgment on liability in favor of Whitney and A-l. Ms. Alexander filed this appeal from the trial court’s rulings.
DISCUSSION
In her appellate brief, Ms. Alexander presents a number of assignments of error and issues for review. We frame the issues presented as two-fold:
1. Whether the trial court’s grant of summary judgment in favor of the defendants was appropriate.
2. Whether the trial court applied the appropriate substantive law in evaluating the defendants’ motion for summary judgment.
Here, we must determine whether the trial court’s grant of summary judgment in Whitney’s favor was appropriate. An appellate court conducts a de novo review, applying the same criteria that govern the trial court’s determination of whether summary judgment is appropriate. Brown v. Amar Oil Co., 2011-1631, p. 2 (La.App. 1 Cir. 11/8/12), 110 So.3d 1089, 1090 (citing Sanders v. Ashland Oil, Inc., 96-1751, p. 6 (La.App. 1 Cir. 6/20/97), 696 So.2d 1031, 1035), A motion for summary judgment should only be granted if the pleadings, depositions, answers to interrogatories, and admissions, together with any affidavits show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. Collins v. Randall, 2002-0209, p. 3 (La.App. 1 Cir. 12/20/02), 836 So.2d 352, 354. The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of -actions. King v. Allen Court Apartments II, 2015-0858, p. 3 (La. App. 1 Cir. 12/23/15), 185 So.3d 835, 837, writ denied, 2016-0148 (La. 3/14/16), 189 So.3d 1069. This procedure is favored and shall be construed to accomplish these ends. Id.; see also La. C.C.P. Art. 966 A(2).
The initial burden of proof rests on the moving party. La. C.C.P. Art. 966 D(l). However, if the mover will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the mover’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather, to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action or defense. King, 2015-0858 at p. 3,185 So.3d at 838. Thereafter, if the adverse party fails to provide factual evidence sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. Id. It is only after the motion has been made and properly supported that the burden shifts to the non-moving party. Brown, 2011-1631 at p. 3, 110 So.3d at 1090-91; Pugh v. St. Tammany Parish School Bd., 2007-1856, p. 3 (La. App. 1 Cir. 8/21/08), 994 So.2d 95, 98.
A genuine issue is a triable issue. Brown, 2011-1631, p. 3, 110 So.3d at 1090-91. Jones v. Stewart, 2016-0329, p. 7 (La. App. 4 Cir. 10/5/16), 203 So.3d 384, 389, writs denied, 2016-1962, 2016-1967 (La. 12/16/16) — So.3d.-,-, 211 So.3d 1169, - 2016 WL 7638451, 2016 WL 7638388. More precisely, an issue is genuine if reasonable' persons could disagree. Id. If on the state of the evidence, reason *716 able persons could reach only one conclusion, there is no need for a trial on that issue. Id. A fact is material when its existence or non-existence may be essential to the |4plaintiffs cause of action under the applicable theory of recovery. Id. Facts are material if they potentially insure or preclude recovery, affect a litigant’s ultimate success, or determine the outcome of the legal dispute. Id.; King v. Illinois Nat. Ins. Co., 08-149, p. 6 (La. 4/3/09), 9 So.3d 780, 784. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of substantive law applicable, to the case. Brown, 2011-1631 at p. 3, 110 So. 3d at 1091; Hall v. Our Lady of the Lake R.M.C., 2006-1425, p. 9 (La. App. 1 Cir. 6/20/07), 968 So.2d 179, 185.
In order to determine whether the trial court’s grant of summary judgment was proper, this court must look to the applicable substantive law. At the hearing on the motions for summary judgment, the trial judge stated that La. R.S. 9:2800.6, the Louisiana Merchant Liability Act, was the applicable law.[2] In order for this | .^statute to apply, the defendant must fall within the statute’s definition of a merchant, which is set forth in La. R.S. 9:2800.6 C(2). Although a bank is a “fixed place of business,” a bank does not sell goods, foods, wares, or merchandise; therefore, a bank does not fall within the definition of a merchant as espoused in La. R.S. 9:2800,6.[3] For the aforementioned reasons, La. R.S. 9:2800.6 is not applicable in this case.
*717 The governing law in this case is La. C.C. art. 2317.1, which applies a negligence standard to things. La. C.C. art. 2317.1 states:
The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.
To prove premises liability pursuant to La. C.C. art. 2317. 1, an injured plaintiff must first establish the following elements: 1) that the thing was in the owner’s or custodian’s garde; 2) that the thing contained a vice or defect creating an unreasonable risk of harm; and 3) that the damage was caused by the vice or defect. Joseph S. Piacun, The Abolition of Strict Liability in Louisiana: A Return to \ ¡A Fairer Standard or an Impossible Burden for Plaintiffs?, 43 Loy. L. Rev. 215, 234 (1997). A defect, as anticipated by La. C.C. art. 2317.1, is a condition creating an “unreasonable risk of harm.” King, 2015-0858 at p. 7, 185 So.3d at 840. The existence of a defect, however, may not be inferred solely from the fact that an accident occurred. Rather, the plaintiff must prove that a defect existed and that the defect caused the plaintiffs damages. Id.
Once these elements are established, the plaintiff must show: 1) the owner of a thing either knew or should have known of the ruin, vice, or defect which caused the damage; 2) the owner could have prevented the damage by'the exercise of reasonable care; and 3) the owner failed to exercise such reasonable care. Garrison v. Old Man River Esplanade; L.L.C., 2013-0869, p. 5 (La. App. 4 Cir. 12/18/13), 133 So.3d 699, 701-02; Greenhouse v. C.F. Kenner Associates, Ltd. P’ship, 98-0496, p. 5 (La. App. 4 Cir. 11/10/98), 723 So.2d 1004, 1007.
In a case similar to the instant one, a patron entered the front of the bank using the ramp. Upon entering, the patron did not notice any foreign substances on the ramp and did not have any trouble traversing the ramp. Upon exiting the bank, the patron did not notice any problems "with the ramp. The patron fell, but the patron did not know what caused her to fall. The patron concluded that she had fallen because of the ranip. The trial court granted the bank’s motion for summary judgment. The appellate court affirmed, reasoning that the patron was “unable to testify as to the cause'of her fall.” Littlefield v. Iberia Bank, 2004-1334, p. 7 (La.App. 5 Cir. 3/15/05), 900 So. 2d 925, 929. The patron further stated' that “she is unclear what caused the fall.” Id.
In another case similar to the instant one, a patron entered a restaurant, made her way to her table, and then went back to the counter to place her order. Upon returning to her table, the patron fell. The patron did not notice any issues with the floor. The patron testified that she was looking down at the carpet when she fell. She further testified that she saw no unevenness to the carpet and that the carpet was not slippery or worn. The patron had dined at this restaurant six (6) times during the month since the restaurant opened and previously had no trouble traversing the floor. The trial court granted the restaurant’s motion for summary judgment. The appellate court affirmed. The court reasoned that the patron was unable to show that the carpet presented an unreasonable risk of harm. Henry v. NOHSC *718 Houma # 1, L.L.C., 2011-0738, p. 9 (La. App. 1 Cir. 6/28/12), 97 So.3d 470, 476.
As noted at the outset of this opinion, Ms. Alexander alleges that she tripped and fell over a “wave” or “lip” in the rubber edge of the floor mat. Ms. Alexander, however, admits in her deposition that she did not notice the wave or lip in the mat until after she fell. Ms. Alexander traversed the same mat upon entering the bank and neither noticed the wave or lip nor had trouble entering the bank. During the brief time in which Ms. Alexander was present in the bank, no other patrons tripped or fell on the mat or had any issues with the mat. It was only after her fall that Ms. Alexander noticed the wave or lip and concluded that the wave or lip must | shave been the cause of her fall. Proof which establishes only possibility, speculation, or unsupported probability does not suffice to establish a claim. Todd v. State Through Social Services, Office of Community Services, 96-3090, p. 16 (La. 9/9/97), 699 So.2d 35, 43. Ms. Alexander is unable to produce any evidence other than conclusory allegations in her pleadings and her own self-serving statements regarding the mat. Therefore, Ms, Alexander is unable to meet her burden of showing that a defect existed. Ms. Alexander is further unable to show that the mat created an unreasonably dangerous condition and that an unreasonably dangerous condition was the cause in fact of her fall. Absence of corroborating evidence means that there is no genuine issue of material fact. King, 2015-0858 at p. 10, 185 So.3d at 842. Thus, the trial court’s grant of the defendants’ motions for summary judgment was appropriate.
DECREE
For these reasons, this court affirms the trial court’s judgment granting the defendants’ motions for summary judgment pursuant to La. C.C. art. 2317.1, not La. R.S. 9:2800.6.
AFFIRMED

. Although Chubb Insurance Company was listed in the caption, it was not mentioned in *715 the body of the petition. As Whitney pointed out in its responsive pleading, its insurer is Pacific Indemnity Company, not Chubb. For ease of discussion, we refer to Whitney and its insurer collectively as "Whitney.”

. The Louisiana Merchant Liability Act, La, R.S. 9:2800.6, states that:
A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
B. In a negligence claim brought against a merchant by a person lawfully on the merchant’s premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable,
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
C. Definitions:
(1) "Constructive notice” means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.
(2) "Merchant” means one whose business is to sell goods, foods, wares, or merchandise at a fixed place of business. For purposes of this Section, a merchant includes an innkeeper with respect to those areas or aspects of the premises which are similar to those of a merchant, including but not limited to shops, restaurants, and lobby areas of or within the hotel, motel, or inn.
D.Nothing herein shall affect any liability which a merchant may have under Civil Code Arts. 660, 667, 669, 2317, 2322, or 2695.

. In a similar case, the court found that the bank was not classified as a merchant and therefore, was not subject to the heightened standard of care set forth in La. R.S. 9:2800.6. Lachico v. First Nat. Bank Shares, Inc., 95-2124, p.4 (La. App. 1 Cir. 4/30/96), 673 So. 2d 305, 307.