Judge Regina Bartholomew-Woods
In this civil appeal, Plaintiffs-Appellants seek review of the trial court's February 15, 2018 judgment granting summary judgment in favor of Defendants-Appellees, dismissing Plaintiffs-Appellants' claims. On appeal, Plaintiffs-Appellants argue that the trial erred in granting summary judgment because there existed a genuine issue of material fact making summary judgment improper. They further allege that in granting summary judgment, the trial court incorrectly applied the doctrine of force majeure . For the reasons that follow, we reverse the trial court's granting of summary judgment and remand for further proceedings.
FACTUAL BACKGROUND
On July 1, 2015, Plaintiffs-Appellants Karen Guy ("Ms. Guy"), Steven Guy ("Mr. Guy"), and their dependent, Zak Guy (collectively "Appellants") visited Spanish Plaza, which is adjacent to the Mississippi River and the New Orleans Riverwalk. While there, it began to rain and Appellants took refuge from the weather under a kiosk/display cart. A tent collapsed onto the kiosk/display cart under which Appellants were standing, pinning and injuring Ms. Guy. As a result, Ms. Guy suffered an amputated finger, cognitive defects, mental anguish associated with an amputated finger, and an inability to play the piano, which is her trade; Mr. Guy and *329 their dependent son suffered mental and emotional injuries.
PROCEDURAL HISTORY
Appellants filed a petition for damages against Defendants-Appellees Riverwalk Marketplace, L.L.C., and Liberty Mutual Insurance Company, alleging that Defendant-Appellees' negligence caused Ms. Guy's injuries. Following discovery, Appellants amended their petition for damages to name as defendants Scurlock Rentals, L.L.C., and Western Heritage Insurance Company (collectively, all of these parties are referred to as "Appellees"). Thereafter, Defendant, United States Fire Insurance Company, filed a motion for summary judgment seeking to dismiss all claims pursuant to the doctrine of force majeure ; all other Defendants joined the motion. In opposition to Defendants-Appellees' motion for summary judgment, Appellants provided the depositions of two (2) expert witnesses - meteorologist Edwin Roy and engineer Frederich W.L. Gurtler. On February 15, 2018, the trial court granted Appellees' motion for summary judgment, and dismissed Appellants' claims. It is from this judgment that Appellants now appeal.
DISCUSSION
On appeal, Appellants raise the following assignments of error:
1. Whether the trial court erred in granting Appellees' motion for summary judgment because there exists a genuine issue of material fact as to whether Appellees properly secured the tents and kiosks/display carts in Spanish Plaza, and whether Appellees' negligence in failing to secure the tents and kiosks/display carts caused Appellants' injuries; and
2. Whether the trial court erred in applying the doctrine of force majeure .
Standard of Review
This Court has explained the standard of review applied when evaluating motions for summary judgment.
An appellate court conducts a de novo review, applying the same criteria that govern the trial court's determination of whether summary judgment is appropriate. Brown v. Amar Oil Co. , 2011-1631, p. 2 (La. App. 1 Cir. 11/8/12), 110 So.3d 1089, 1090 (citing Sanders v. Ashland Oil, Inc. , 96-1751, p. 6 (La. App. 1 Cir. 6/20/97), 696 So.2d 1031, 1035 ). A motion for summary judgment should only be granted if the pleadings, depositions, answers to interrogatories, and admissions, together with any affidavits show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. Collins v. Randall , 2002-0209, p. 3 (La. App. 1 Cir. 12/20/02), 836 So.2d 352, 354. The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of actions. King v. Allen Court Apartments II , 2015-0858, p. 3 (La. App. 1 Cir. 12/23/15), 185 So.3d 835, 837, writ denied , 2016-0148 (La. 3/14/16), 189 So.3d 1069. This procedure is favored and shall be construed to accomplish these ends. Id. ; see also La. C.C.P. Art. 966 A(2).
The initial burden of proof rests on the moving party. La. C.C.P. Art. 966 D(1). However, if the mover will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather, to point out *330 to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action or defense. King , 2015-0858 at p. 3, 185 So.3d at 838. Thereafter, if the adverse party fails to provide factual evidence sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. Id. It is only after the motion has been made and properly supported that the burden shifts to the non-moving party. Brown , 2011-1631 at p. 3, 110 So.3d at 1090-91 ; Pugh v. St. Tammany Parish School Bd. , 2007-1856, p. 3 (La.App. 1 Cir. 8/21/08), 994 So.2d 95, 98.
A genuine issue is a triable issue. Brown , 2011-1631, p. 3, 110 So.3d at 1090-91. Jones v. Stewart , 2016-0329, p. 7 (La. App. 4 Cir. 10/5/16), 203 So.3d 384, 389, writs denied , 2016-1967 (La. 12/16/16), 211 So.3d 1169. More precisely, an issue is genuine if reasonable persons could disagree. Id. If on the state of the evidence, reasonable persons could reach only one conclusion, there is no need for a trial on that issue. Id. A fact is material when its existence or non-existence may be essential to the plaintiff's cause of action under the applicable theory of recovery. Id. Facts are material if they potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the legal dispute. Id. ; King v. Illinois Nat. Ins. Co. , [20] 08-149, p. 6 (La. 4/3/09), 9 So.3d 780, 784. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of substantive law applicable to the case. Brown , 2011-1631 at p. 3, 110 So.3d at 1091 ; Hall v. Our Lady of the Lake R.M.C. , 2006-1425, p. 9 (La. App. 1 Cir. 6/20/07), 968 So.2d 179, 185.
In order to determine whether the trial court's grant of summary judgment was proper, this court must look to the applicable substantive law.
Alexander v. Hancock Bank , 2016-0662, pp. 2-4 (La. App. 4 Cir. 2/8/17), 212 So.3d 713, 715-16.
Law & Analysis
Appellees moved for summary judgment and asserted an affirmative defense of force majeure , which is sometimes referred to as the "Act of God defense." 12 La. Civ. L. Treatise, Tort Law § 25:5 (2d ed.). This Court explained that
[a]n act of God or force majeure is "an unusual, sudden and unexpected manifestation of the forces of nature which man cannot resist." Greene v. Fox Crossing, Inc., 32,774, p. 5 (La. App. 2 Cir. 3/1/00), 754 So.2d 339, 343 (citing Caldwell v. Let The Good Times Roll Festival, 30,800 (La. App. 2 Cir. 8/25/98), 717 So.2d 1263, 1272 ). To be caused by an act of God, the plaintiff's injury must be due directly and exclusively to natural causes that could not have been prevented by the exercise of reasonable care. Id. This court has held that two circumstances must exist for the act of God defense to apply: (1) the accident is directly and exclusively due to natural causes without human intervention; and (2) no negligent behavior by the defendant(s) has contributed to the accident. Terre Aux Boeufs Land v. J.R. Gray Barge, [20] 00-2754, p. 8 (La. App. 4 Cir. 11/14/01), 803 So.2d 86, 93.
Duboue v. CBS Outdoor, Inc. , 2008-0715, pp. 4-5 (La. App. 4 Cir. 10/1/08), 996 So.2d 561, 563. This Court has also stated that *331 the force majeure defense is not absolute, and:
The defense does not apply if human fault is involved in causing the loss. Saden v. Kirby, [19] 94-0854, p. 8 (La. 9/5/95), 660 So.2d 423, 428. It has been held that a party may be held liable for damages that would not have occurred, but for his own conduct or omission, when combined or concurrent with a "force majeure " or "Act of God." Terre Aux Boeufs Land Co., Inc. v. J.R. Gray Barge Co., 2000-2754 (La. App. 4 Cir. 11/14/01), 803 So.2d 86.
Bush v. Bud's Boat Rental, LLC , 2013-0989, pp. 3-4 (La. App. 4 Cir. 2/26/14), 135 So.3d 1189, 1191-92.
When evaluating Appellee's affirmative defense of force majeure , this Court also reviews La. C.C.P. art. 966(D)(1), which states, in pertinent part, that "[t]he burden is on the adverse party [herein, Appellants] to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law." To this end, Appellants presented two (2) expert witnesses - Ed Roy ("Mr. Roy"), a meteorologist, and Frederich W. L. Gurtler ("Mr. Gurtler"), an engineer.
By definition, force majeure or an Act of God is "unusual, sudden and unexpected." Duboue at 563,. When deposed, Mr. Roy, Appellant's expert meteorologist, testified that he reviewed the meteorological data and the data from the closest Doppler radar for July 1, 2015. He stated that the weather was "expected" and "nothing out of the ordinary" for a "typical summer rainstorm" "not only in the New Orleans area, but throughout the State of Louisiana, and throughout the Gulf South." Mr. Roy further testified that it is "not uncommon to have gusty surface winds like that with thunderstorms in July." Finally, Mr. Roy denied that the weather was "a severe thunderstorm." When deposed, Mr. Gurtler, Appellant's expert engineer, testified that he reviewed the meteorological data from Weather Underground for July 1, 2012; July 1, 2013; July 1, 2014; and July 1, 2015. Mr. Gurtler explained that the weather conditions, specifically the wind speeds and gusts, were consistent on each date. Mr. Gurtler's weather observations further confirmed that the weather at issue was not "unusual, sudden and unexpected." Conversely, Appellees presented no evidence to negate these findings. This Court, in Terre Aux Boeufs Land Co., Inc. v. J.R. Gray Barge Co. , 2000-2754, p. 6 (La. App. 4 Cir. 11/14/01), 803 So.2d 86, 91, looked to Skandia Ins. Co., Ltd. v. Star Shipping AS, 173 F.Supp.2d 1228, 1240 (S.D. Ala.2001), a federal maritime case, which reasoned that "... storms that are usual for waters and the time of year are not 'Acts of God' ..." Accordingly, contrary to the trial court's ruling on this issue, we find that, based on the uncontroverted testimony of both of the Appellants' experts, the injuries suffered by Appellants on July 1, 2015, were not caused by a force majeure or an Act of God.
Furthermore, this Court, in Terre Aux Boeufs Land Co., Inc. 803 So.2d at 91 reasoned that
regardless of the type of "heavy weather," "it is certain that human negligence as a contributing cause defeats any claim to the 'Act of God' immunity[,]" because an "Act of God" is not only one which causes damage, but one as to which reasonable precautions and/or the exercise of reasonable care by the defendant, *332 could not have prevented the damage from the natural event.
Id. at 92. In applying the aforementioned to the present case, Mr. Roy testified that he reviewed surveillance video of the instant incident, and determined that because the carts moved or rolled, they were not anchored. Mr. Roy also explained that because a tent collapsed, it was not properly anchored. Mr. Roy further reasoned it was possible that interior, rather than exterior, kiosks had been placed in Spanish Plaza, an outdoor area. Mr. Roy opined that Appellees' failure to properly anchor or secure the carts, tents, and kiosks contributed to Appellants' injuries. Conversely, Appellees provided no evidence to negate the testimonial evidence offered by Appellants' expert witnesses.[1]
CONCLUSION
For the aforementioned reasons, we find that the trial court committed error when it granted summary judgment. Accordingly, we reverse and remand for further proceedings.
REVERSED AND REMANDED
LOBRANO, J., CONCURS IN THE RESULT

This Court, guided by the Louisiana Supreme Court's decision in Jones v. Estate of Santiago, 2003-1424 (La. 4/14/04), 870 So.2d 1002, reasoned " that summary judgment was warranted when a plaintiff has only conclusory, speculative testimony and the physical evidence is uncontroverted." Bridgewater v. New Orleans Reg'l Transit Auth. , 2015-0922, p. 14 (La. App. 4 Cir. 3/9/16), 190 So.3d 408, 417. It stands to reason that a summary judgment should be denied when the movant, herein Appellees, fail offer any scintilla of evidence that controverts the testimonial evidence offered by Appellants' expert witnesses.