Judge Joy Cossich Lobrano
This is a tort suit. Plaintiff/appellant, Craig Szewczyk, appeals the summary judgment issued by the district court on July 24, 2018, in favor of the Defendants/appellees, Party Planners West, Inc., AXIS Insurance Company, and New Orleans Public Facility Management, Inc., D/B/A New Orleans Ernest N. Morial Convention Center ("Defendants"), that dismissed his suit in its entirety. For the reasons that follow, we affirm the summary judgment.
Factual and Procedural Background
On January 31, 2013, Szewczyk and his friend, David Marque, took their children to play at the "NFL Experience" at the Ernest N. Morial Convention Center during the festivities leading up to Superbowl XLVII held in New Orleans. While there, Szewczyk sat on the end of a bench that flew up, causing him to fall onto his tailbone. Szewczyk claims that after he fell, a woman, who had been handing out flags and wore a lanyard around her neck with picture identification ("the female eyewitness"), came over asking him if he was alright. Szewczyk stated that he was "more embarrassed than anything" and, according to Szewczyk, the female eyewitness replied, "Don't feel bad. This happened *59 a few times today." Szewczyk did not get the name of the female eyewitness or for whom she may have been working.
Szewczyk filed suit on January 27, 2014, against Defendants, alleging that Defendants were negligent and liable as owners and/or custodians of a defective bench under La. C.C. arts. 2317 and 2317.1.[1] His deposition was taken on October 1, 2014, during which Szewczyk presented a photograph of the bench he took two days after the alleged incident. Following his deposition, his counsel sent discovery requests to Defendants asking for the identity of all persons working at the NFL Experience. In response to the discovery requests, Defendants claimed that the NFL owned the bench in question and none of them had custody or control of the bench on the date in question. In addition, Defendants produced the name of the event coordinator, names of more than thirty (30) vendors, and others in charge of various aspects of the event. Szewczyk did not file a motion to compel additional information or conduct any further discovery.
The parties engaged in mediation in March 2018, which failed to settle the litigation.
On May 14, 2018, Defendants filed a motion for summary judgment on the basis that Szewczyk could not factually support any of the essential elements of his case. Specifically, Defendants argued Szewczyk had no evidence that: the bench was in the Defendants' custody or control; the bench provided an unreasonable risk of harm; the bench caused his fall; or Defendants knew or should have known of any unreasonable risk of harm created by the bench.
Szewczyk opposed the motion arguing the existence of genuine issues of material fact and the motion should be denied. In support of his opposition, Szewczyk submitted his own affidavit and the affidavit of David Marque, witness to the accident and who heard what the female eyewitness said. In addition, Szewczyk produced the photo of the bench that was attached to his deposition. No motion to continue the hearing was filed. He conducted no discovery between the date the motion for summary judgment was filed and when it was argued. At no time did Szewczyk argue in his opposition brief that he needed additional time to conduct discovery.
The motion was heard on July 13, 2018. For the first time, Szewczyk claimed that Defendants' 2014 responses to the discovery requests were inadequate. He argued that the female eyewitness was exclusively under the control of Defendants who knew she was a witness at least by the time his petition was filed in January 2014. Szewczyk maintained the female eyewitness was wearing a badge with a photo identifying her as an "official employee of Defendants." He further claimed Defendants had photographs of everyone working at the NFL Experience but had not produced them to Szewczyk so he could identify her. In addition, despite knowing the female eyewitness existed, Defendants had made no effort to identify her or produce her for a deposition. Finally, Szewczyk argued *60 that the affidavits he produced were sufficient to create material issues of fact and that the statement by the female eyewitness contained therein was admissible as an exception to the hearsay rule. Szewczyk did not, however, argue that he needed additional time to conduct discovery to properly oppose the motion for summary judgment.
Defendants responded that Szewczyk had no evidence to support any element of his claim. In particular, he could not demonstrate that the bench was unreasonably dangerous or that it caused the accident. In addition, the NFL Experience was a massive event involving more than thirty (30) separate vendors and numerous volunteers. While Szewczyk alleged that the female eyewitness was an employee of Defendants, she could have worked for any one of the vendors, been a volunteer, or even a fan wearing a VIP badge. Thus, Szewczyk failed to support his contention that the female eyewitness was an employee of Defendants.
The district court granted the motion and entered judgment in Defendants' favor. In its oral reasons for judgment, the district court stated:
Based on the evidence presented, plaintiff cannot support at least one essential element of his claims. Specifically, plaintiff doesn't have any evidence to establish, one, the bench presented any unreasonable risk of harm; two, the bench caused plaintiff's fall, or three, the Defendants knew or should have known of any unreasonable risk of harm. Plaintiff has not provided any supporting evidence to show that defendant's failure to properly and safely assemble and maintain the bench caused the accident. Additionally, plaintiff doesn't have any evidence to show that Defendants knew or should have known of an unreasonable risk of harm. Plaintiff attempts to argue that an unidentified woman witnessed the accident and said other people fell down on the same bench earlier that day; however, her statements are considered hearsay and do not fall under the hearsay exceptions. Additionally, the uncalled witness rule is inapplicable to the facts of this case. Because plaintiff cannot support at least one essential element of his claim, the motion for summary judgment is hereby granted.
This timely appeal followed.
Szewczyk assigns the following errors for review:
(1) The trial court erred in concluding that the plaintiff would be unable to prove that the bench presented an unreasonable risk of harm;
(2) The trial court erred in concluding that the plaintiff would be unable to prove the bench caused his fall;
(3) The trial court erred in concluding the Defendants did not have actual or constructive knowledge of the unreasonable risk of harm; and
(4) The trial court erred in failing to apply an exception to the hearsay rule which allows plaintiff and another eye witness to testify as to what an employee said at the time of the incident.
Szewczyk also presents two issues on appeal that were not raised before the district court: (1) whether the district court erred by granting summary judgment while discovery is ongoing and he is still undergoing treatment for his injuries; and (2) whether the district court erred by granting summary judgment when no discovery deadlines or trial date have been set. Because these issues were not first presented to the district court, they are not properly before us. See La. Unif. R. Ct. App. 1-3 ("The Courts of Appeal will review only issues which were submitted *61 to the trial court[.]") See also Stewart Title of Louisiana v. Chevron, U.S.A., Inc., 12-1369, p. 5 (La.App. 4 Cir. 3/27/13), 112 So.3d 949, 952, writ denied , 15-0968 (La. 8/28/15), 176 So.3d 406 (issue not raised in trial court was not properly preserved on appeal). Thus, we decline to address them.[2]
Summary Judgment Principles
The summary judgment procedure is "designed to secure the just, speedy, and inexpensive determination of every action," and the summary judgment procedure is favored. La. C.C.P. art. 966(A)(2). The summary judgment procedure is used when no genuine issue of material fact for all or part of the relief prayed for by a litigant exists. La. C.C.P. art. 966(A)(3).
Appellate courts review the grant or denial of a motion for summary judgment de novo, employing the same criteria that govern the district court's determination of whether summary judgment is appropriate. Sislo v. New Orleans Ctr. for Creative Arts , 16-0178, p. 4 (La.App. 4 Cir. 8/17/16), 198 So.3d 1202, 1205, writ denied, 16-1781 (La. 11/7/16), 209 So.3d 100 (citing Samaha v. Rau , 07-1726, pp. 3-4 (La. 2/26/08), 977 So.2d 880, 882-83 ). The standard for granting a motion for summary judgment is set forth in La. C.C.P. art. 966(A)(3), which provides:
After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law.
A shifting burden of proof is found in La. C.C.P. art. 966(D)(1), which states:
The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.
A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue, and summary judgment is appropriate.
*62 Smith v. Our Lady of the Lake Hosp., Inc ., 93-2512, p. 27 (La. 7/5/94), 639 So.2d 730, 751. "A fact is material when its existence or nonexistence may be essential to the plaintiffs [sic] cause of action under the applicable theory of recovery; a fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute." Chapital v. Harry Kelleher & Co., Inc. , 13-1606, p. 5 (La.App. 4 Cir. 6/4/14), 144 So.3d 75, 81. Whether a fact is material is a determination that must be made based on the applicable substantive law. Roadrunner Transp. Sys. v. Brown , 17-0040, p. 7 (La.App. 4 Cir. 5/10/17), 219 So.3d 1265, 1270 (citing Smith , supra ).
Discussion
Szewczyk argues that he presented sufficient evidence to create a genuine issues of material fact in order to defeat Defendants' motion for summary judgment. We disagree.
To prove premises liability pursuant to La. C.C. art. 2317.1, an injured plaintiff must first establish the following elements: (1) the thing was in the custodian's custody or control; (2) it had a vice or defect that presented an unreasonable risk of harm; (3) the defendant knew or should have known of the unreasonable risk of harm; and (4) the damage was caused by the defect. Once these elements are established, the plaintiff must show: 1) the owner of a thing either knew or should have known of the ruin, vice, or defect which caused the damage; 2) the owner could have prevented the damage by the exercise of reasonable care; and 3) the owner failed to exercise such reasonable care. Alexander v. Hancock Bank, 16-0662, p. 6 (La.App. 4 Cir. 2/8/17), 212 So.3d 713, 717 (citing Garrison v. Old Man River Esplanade, L.L.C. , 13-0869, p. 5 (La.App. 4 Cir. 12/18/13), 133 So.3d 699, 701-02 ; Greenhouse v. C.F. Kenner Associates, Ltd. P'ship , 98-0496, p. 5 (La.App. 4 Cir. 11/10/98), 723 So.2d 1004, 1007.) "To recover, the plaintiff bears the burden of proving these elements in the affirmative, and the failure of any one is fatal to the case." Dupree v. City of New Orleans, 99-3651, p. 6 (La. 8/31/00), 765 So.2d 1002, 1008.
"The liability imposed by La. Civil Code article 2317 is grounded in the custody or control of a defective thing." McElveen v. City of New Orleans, 03-1609, p. 7 (La.App. 4 Cir. 9/14/04), 888 So.2d 878, 882, writ denied, 04-2527 (La. 12/17/04), 888 So.2d 870. Liability arises out of a defendant's legal relationship to the thing based on the defendant's custody or control of the thing, not solely ownership of the thing. Dupree, 99-3651, p. 7, 765 So.2d at 1008. Although it is presumed that an owner has custody or control of its property, this presumption is rebuttable. Davis v. Riverside Court Condo. Ass'n Phase II, Inc., 14-0023, p. 7 (La.App. 4 Cir. 11/12/14), 154 So.3d 643, 648. Ultimately, "[t]he person who has custody or garde of a thing is he who has the legal duty to prevent its vice or defect from harming another." Dupree, 99-3651, p. 8, 765 So.2d at 1009.
Defendants argue in their appellate brief that, based on their answers to Szewczyk's discovery requests, Szewczyk has known since 2014 that the NFL owned the bench in question and that none of the Defendants had custody or control of the bench at the time of the incident. Although Szewczyk does not dispute these statements, these discovery responses are not a part of the record before us. Appellate courts are courts of record and must limit their review to evidence in the record before them. La. C.C.P. art. 2164.[3]
*63 Nonetheless, even assuming that Szewczyk could prove that one or more of Defendants had custody or control of the bench, Szewczyk fails to demonstrate that the bench was defective. A defect, as anticipated by La. C.C. art. 2317.1, is a condition creating an "unreasonable risk of harm." Alexander, 16-0662, p. 6, 212 So.3d at 717. The existence of a defect, however, "may not be inferred solely from the fact that an accident occurred." King v. Allen Court Apartments II , 15-0858, p. 7 (La.App. 1 Cir. 12/23/15), 185 So.3d 835, 840, writ denied , 16-0148 (La. 3/14/16), 189 So.3d 1069. Rather, the plaintiff "must prove that a defect existed and that the defect caused the plaintiff's damages." Id.
The mere fact that a customer in a store falls from a chair, or that a seat or chair collapses, does not of itself establish negligence where no defect has been shown. In Wiltz v. Floor & Decor Outlets of Am. , 15-0516, pp. 10-11 (La.App. 5 Cir. 2/24/16), 186 So.3d 1204, 1209, writ denied, 16-0592 (La. 5/27/16), 192 So.3d 738, the court affirmed summary judgment for a store where the customer failed to establish why a bench collapsed or what defect allegedly existed, as it could have been caused by improper assembly, improper maintenance, or manufacturer negligence; mere speculation was insufficient. The court noted that the plaintiff made no effort to retain an expert to inspect the actual bench, or a similar make and model of bench, to opine on the alleged defect or the cause of the bench's collapse, leading to plaintiff's injuries. Id., 15-0516, p. 10, 186 So.3d at 1209. See also Lasyone v. Kansas City Southern R.R ., 00-2628, p. 14 (La. 4/3/01), 786 So.2d 682, 694 ("[t]he fact that an accident occurred because of a vice or defect does not elevate the condition of the thing to that of an unreasonably dangerous defect").
Despite the years during which discovery could have taken place, Szewczyk has produced no evidence supporting his claim that the bench was defective. We do not know who manufactured the bench or whether the bench was required to be secured to the floor before use. Further, we have no expert testimony supporting Szewczyk's assertion that the bench created an unreasonable risk of harm by not being secured to the floor.[4]
"Proof which establishes only possibility, speculation, or unsupported probability does not suffice to establish a claim." Todd v. State Through Dept. of Social Services, Office of Community Services, 96-3090, p. 16 (La. 9/9/97), 699 So.2d 35, 43. Szewczyk is unable to produce any evidence other than conclusory allegations in his pleadings and his own self-serving affidavit and that of his friend. Therefore, Szewczyk is unable to meet his burden of showing that a defect existed. Absent evidence corroborating Szewczyk's allegations, no genuine issue of material fact exists. King , 15-0858, p. 10, 185 So.3d at 842. Thus, the district court's grant of Defendants' motion for summary judgment was appropriate.[5]
*64 Conclusion
Accordingly, we affirm the summary judgment granted in favor of Defendants, Party Planners West, Inc., AXIS Insurance Company, and New Orleans Public Facility Management, Inc., D/B/A New Orleans Ernest N. Morial Convention Center, dismissing Szewczyk's claims against them with prejudice.
AFFIRMED

La. C.C. art. 2317 states:
We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. This, however, is to be understood with the following modifications.
La. C.C. art. 2317.1 states:
The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care[.]

Nevertheless, even if these issues had been preserved for appeal, a defendant's motion for summary judgment "may be filed at any time." La. C.C.P. 966(A)(1). Moreover, "[t]he jurisprudence holds that while parties must be given fair opportunity to carry out discovery and present their claim, there is no absolute right to delay action on [a] motion for summary judgment until discovery is complete." Mitchell v. Valteau , 09-1095, p. 13 (La.App. 4 Cir. 1/27/10), 30 So.3d 1108, 1116 (internal quotations omitted). Our Supreme Court directs that " '[t]he only requirement is that the parties be given a fair opportunity to present their claim. Unless plaintiff shows a probable injustice, a suit should not be delayed pending discovery when it appears at an early stage that there is no genuine issue of fact.' " Id. , 09-1095, p. 14, 30 So.3d at 1116 (quoting Simoneaux v. E.I. du Pont de Nemours and Co. , 483 So.2d 908, 912-13 (La. 1986) ). Applying these precepts, we find that the district court did not prematurely grant summary judgment, especially when Szewczyk conducted no discovery from 2014 until 2018, did not seek to continue the motion for summary judgment, or request more time to conduct discovery in either his opposition memorandum or during oral argument before the district court.

La. C.C.P. art. 2164 states in pertinent part: "The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal."

See e.g. , Ferguson v. State Farm Fire and Cas. Co., 398 So.2d 72 (La.App. 4th Cir. 1981) (expert testimony introduced to establish cause of chair collapse in doctor's office); Jackson v. Sears Authorized Retail Dealer Store, 36,166 (La.App. 2 Cir. 6/12/02), 821 So.2d 590 ) (expert testimony introduced to prove cause of chair to turn over); Horne v. Liberty Furniture Co., 452 So.2d 204, 208 (La.App. 5th Cir.), writ denied, 456 So.2d 166, 171 (La. 1984) (plaintiff's experts, testifying from photographs, found chair collapsed due to improper gluing).

Because Szewczyk cannot establish custody or control or that the bench had a defect that created an unreasonable risk of harm, we do not reach the remaining elements under La. C.C. art. 2317.1, cause-in-fact and actual or constructive knowledge by Defendants. In addition, we pretermit discussion of Szewczyk's last assignment of error, whether the statement of the unknown witness is admissible hearsay. Because the statement is being offered to prove an element under La. C.C. art. 2317.1, actual or constructive knowledge, we do not reach this question.